CHARLES L. ENGLISH

*v.*

THE CITY OF DANVILLE.

*Filed at Springfield April 2, 1894.*

1. LOCAL IMPROVEMENTS—*discretion of municipal authorities.* In the passage of an ordinance providing for a local improvement, the city council is clothed with power to determine what improvement is required, its nature and character, when it shall be made, and the manner of its construction. These are matters resting in the discretion of the city council, and that discretion, when honestly and reasonably exercised, can not be reviewed by the courts.

2. CITIES AND VILLAGES ACT—*amendments—article 9.* The sections of the act of April 29, 1887, relating to cities and villages, were passed to amend article 9 of the general Incorporation act, and became a part of it. By the act of June 15, 1891, sections 55 and 63 of the act of 1887 were amended, and the act of 1893 is to be regarded as an amendment to the act of 1887, as amended by the act of 1891, as it relates to the same subject matter, and, in effect, changes the sections of the act of 1887 relating to the collection of special assessments.

3. The mere fact that the act of 1893 does not, in its title, profess to amend article 9 of the Cities and Villages act, is unimportant. If the later act made a change in the mode of procedure, it may be regarded as an amendment to the other act, and the act of 1893 includes special taxes as well as special assessments, which may be made payable in installments.

APPEAL from the County Court of Vermilion county; the Hon. JOHN G. THOMPSON, Judge, presiding.

Messrs. KIMBROUGH & MEEKS, for the appellant.

Mr. G. F. REARICK, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This is an appeal from the county court of Vermilion county, from its order confirming an assessment of special taxes levied for the paving of Vermilion street, in said city, from English to Voorhees street. The ordinance provides that the paving

of street and alley intersections shall be paid for by general taxation, and that the right of way of a street railway having its track therein shall be paved by the company, and, that the remainder of the cost shall be paid by a special tax levied upon property abutting on the line of said improvement, on both sides, in proportion to frontage.

Section 14 of the ordinance provided: "All owners and occupants of real estate touching or abutting upon said street, along the line of said improvement, are hereby required to make all contemplated private connections with public sewers, water mains or gas mains in said street before the work of laying any pavement thereon is commenced. The city clerk shall, without delay, prepare suitable notices, and cause the same to be served by the street superintendent, or some member of the police force, upon all property owners along the line of said improvement."

Section 6 of the ordinance, as originally adopted, provided for the collection of the taxes in five installments, but after the act of June 17, 1893, went into force, section 6 was amended to read as follows:

"Sec. 6. That the special taxes herein ordered levied and assessed shall be collected in seven installments, the first of which installments shall include all fractional amounts, leaving each of the remaining installments equal in amount and multiples of one hundred dollars. Said first installment shall be due and payable on and after confirmation thereof, and the second installment one year thereafter, and so on until all are paid,—which said assessment and installments shall bear interest at the rate of six (6) per cent per annum from and after thirty (30) days succeeding the day of confirmation of the assessment roll herein. And for the purpose of anticipating the collection of the second and succeeding installments aforesaid, bonds shall be issued, payable out of said installments, bearing interest at the rate of six (6) per centum per annum, payable annually, and signed by the mayor and city clerk, and

attested by the corporate seal of said city of Danville. Said bonds shall be each in the sum of $100, and shall not be dated and issued until ninety days after the said installments begin to draw interest. Said bonds shall have interest coupons attached, and shall in all respects conform to the provisions of the statute in such case made and provided."

The appellant interposed two objections in the county court to the confirmation of the tax, which are relied upon here: First, that the law does not warrant the division of the assessment into seven installments, nor does it warrant the issue of improvement bonds to anticipate their collection; and second, that the ordinance is arbitrary, in that the pavement will be laid in advance of necessary water mains, to lay which the street pavement will afterward have to be torn up.

Article 9 of the act to provide for the incorporation of cities and villages, as originally enacted in 1872, contained no provision for the collection of special assessments or special taxes in installments, but on the 29th day of April, 1887, the legislature passed an act to amend article 9 by adding thereto thirteen sections, numbered from 55 to 67, inclusive. (Laws of 1887, p. 104.) These sections made provision for a division of a special assessment, and for the collection thereof in installments. On the 15th day of June, 1891, sections 55 and 63 of the act of 1887 were amended, (Laws of 1891, p. 81,) and as amended the law provided for the collection of special assessments in five different installments. By the terms of the act of 1887 the sections of that act then adopted became a part of article 9, and, as we understand the argument, it is not questioned that the special tax in question might have been collected in five installments, had the proceedings followed and conformed to the act of 1887, as amended in 1891. But this proceeding was not under that act, but under the act of 1893. (Laws of 1893, p. 78.) The first section of the act provides, that "whenever the corporate authorities of any city, town or village have heretofore levied or shall hereafter

levy any special assessments pursuant to law, it shall be lawful for such corporate authorities, at any time prior to the commencing the collection thereof, to provide, by ordinance, that said assessment shall be divided into installments, not more than seven in number, the first of which * * * shall be due and payable on and after confirmation thereof, and the second one year thereafter, and so on until all are paid." The section also provides that the installments shall bear interest. The second section provides for issuing bonds.

This act does not mention special taxes, but only special assessments, and it is insisted that the act embraces nothing but a special assessment. The title of the act is as follows: "An act to authorize the division of special assessments, in cities, towns and villages, into installments, and authorizing the issue of bonds to anticipate the collection of the deferred installments." The act does not, on its face, profess to amend article 9, or any section thereof, but, upon its face, it appears to be an independent act. But after a careful consideration of the act we are inclined to hold that it should be regarded as an amendment to the act of 1887, as amended by the act of 1891. It relates to the same subject matter, and, in effect, changes the sections of the act of 1887 relating to the collection of special assessments in installments, providing for seven installments where the old act only provided for five, and it contains a provision for the issue of bonds to supersede the issue of vouchers provided for under the old act. The mere fact that the act does not, in its title, profess to amend article 9, is unimportant. If the later act made a change in the mode of procedure, the later act may be regarded as an amendment to the other. (*The People* v. *Wright*, 70 Ill. 388.) If, therefore, the act of 1893 was an amendment to the sections of the act of 1887 which were a part of article 9, it is plain that the act of 1893, under which the assessment was made, was also a part of article 9, and if the act of 1893 was an amendment of article 9 and a part thereof, it is clear the

act included special taxes as well as special assessments. Section 17 of article 9 declares : "When said ordinance under which said local improvement shall be ordered, shall provide that such improvement shall be made by special taxation of contiguous property, the same shall be levied, assessed and collected in the way provided in the sections of this act providing for the mode of. making, levying, assessing and collecting special assessments." The act of 1893 provided a certain mode for the collection of special assessments,—by installments ; and under section 17, *supra,* special taxes may be collected in the same manner. The first objection, therefore, interposed to the confirmation of the special tax, was properly overruled.

As respects the second objection but little need be said. Article 9 of the statute entitled "Cities, Villages and Towns," confers the power upon the corporate authorities of cities and villages to make local improvements by special assessment, or by special taxation, or both, of contiguous property, or general taxation, as they shall, by ordinance, prescribe. In the passage of an ordinance providing for a local improvement the city council is clothed with power to determine what local improvement is required, its nature and character, when it shall be made, and the manner of its construction. These are matters resting in the discretion of the city council, and that discretion, when honestly and reasonably exercised, can not be reviewed in the courts. (*Dunham* v. *Village of Hyde Park,* 75 Ill. 371 ; *Fagan* v. *City of Chicago,* 84 id. 231.) All ordinances must be reasonable, and not unfair or oppressive on the citizen. But the ordinance in question is not liable to either of these objections. Perhaps it might be.well, in all cases where a street is being paved, to have the water mains and street sewers constructed before the pavement is made. But all such matters rest in the sound discretion of the city council.

The judgment will be affirmed.

*Judgment affirmed.*