JAMES COLE, Jr.

*v.*

THE PEOPLE *ex rel.* Barnewolt, County Collector.

*Filed at Ottawa March 28, 1896.*

1. PUBLIC IMPROVEMENTS—*effect of requiring contractor to keep pavement in repair.*    A provision that a contractor for street paving shall maintain and keep in repair the pavement which he makes, for the period of five years, contained in the contract filed with, but forming no part of, the plans and specifications which are made a part of the ordinance, does not render the ordinance void on collateral attack, upon the ground that it provides for repairing the street by special taxation.

2. SAME—*construction of contractor's agreement to keep pavement in repair.*    A city may require a guaranty by a contractor to keep a street pavement in repair for a specified period as a part of his warranty of the fitness of the material used; and this does not imply that any money raised by special taxation is to be applied to the purpose of keeping the pavement in repair.

3. SAME—*provision of contractor's bond no part of plans of improvement.*    A provision as to the contractor's bond filed with the specifications for street paving does not form any part of the plans and specifications which are adopted by and made part of the ordinance.

4. TAXES—*application for judgment for special tax—validity of ordinance cannot be attacked.*    In the collateral proceeding to obtain judgment for a delinquent special tax it is not available to show, as a defense, that the ordinance for the improvement was invalid because part of the tax was for repairs to the pavement which constituted the improvement.

APPEAL from the County Court of Peoria county; the Hon. ROBERT H. LOVETT, Judge, presiding.

I. C. PINKNEY, and DAN. F. RAUM, for appellant:

If the ordinance of the city of Peoria levying the tax against the property of this objector is void, the judgment of the court in confirming the assessment would also be void. *Schertz* v. *People*, 105 Ill. 27; *Railway Co.* v. *Jacksonville*, 114 id. 562.

The plans referred to in the ordinance are to be treated as a part of the ordinance. *Hutt* v. *Chicago*, 132 Ill. 352.

The ordinance also refers to the plans, profiles and specifications attached to the ordinance, and adds, "and hereby made a part of this ordinance." This makes such plans, etc., a part of the ordinance, and would be a sufficient compliance with the statute even prior to the amendment of 1887. *Railroad Co.* v. *East St. Louis*, 134 Ill. 656; *Steele* v. *River Forest*, 141 id. 302; *Callon* v. *Jacksonville*, 147 id. 118.

The power to levy taxes must be conferred in terms, or must result by necessary implication from the language used in the law. Cooley on Taxation, (2d ed.) 275.

Municipal authorities, when they assume to tax, must be able to show a warrant therefor in the words of the grant, which alone can justify their actions. Cooley on Taxation, 276.

There is no presumption in favor of the validity of municipal ordinances. *Schott* v. *People*, 89 Ill. 195.

Express power to levy particular taxes is a negation of the power to levy others. Cooley on Taxation, 329; *Wright* v. *Chicago*, 20 Ill. 252.

As to what is a "local improvement," within the meaning of the constitution, see *Chicago* v. *Blair*, 149 Ill. 310.

If the legal and illegal parts of a tax are so blended that they cannot be distinguished, a prohibition may go to the whole. *State* v. *Hodges*, 14 Rich. 256.

R. J. COONEY, States Attorney, W. T. IRWIN, City Attorney, and ARTHUR KEITHLEY, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an appeal from a judgment of the county court against the land of appellant, upon application by the county collector or treasurer for judgment and order of sale for delinquent special taxes assessed for the improvement of Perry street in Peoria. The objections of appellant were all overruled. The original judgment of confirmation was rendered in proceedings instituted by the city of Peoria for the pavement of Perry street. The objections attack the validity of the ordinance, passed by the city for the making of the improvement by special taxation. It is claimed by appellant, that the ordinance not only provides for the paving of the street, but also for the maintenance and repairing of it for a period of five years; that corporate authorities have no power to levy special assessments or special taxes except for local improvements; that the mere maintenance and repair of a street is not a local improvement within the meaning of the constitution; that, therefore, the ordinance is void, and the judgment of confirmation based upon it is also void, and subject to attack even in this collateral proceeding.

If the ordinance in this case provided for the maintenance and repairing of the street by special taxation, we should be inclined to agree with counsel for appellant in their contention that it is invalid. But we do not regard it as such an ordinance as it is claimed to be in this respect. Counsel reach the conclusion, that the ordinance provides for the maintaining and repairing of the street for five years by relying upon the positions, *first*, that the plans and specifications are, by reference, made a part of the ordinance, and, *second*, that one of the specifications requires the contractors to furnish a bond to faithfully perform the work, and to keep the pavement laid by them in good repair for five years. It does

not follow, that the ordinance is one which provides for the maintenance and repair of the street by special taxation, because of the requirement as to the bond embodied in one of the clauses of the contract.

Section 2 of the ordinance provides "that the cost of said improvement as above provided for, including the expense of levying and collecting the same, shall be paid for out of a fund raised by special taxation upon the property contiguous to said improvement," etc.   Section 3 thereof provides "that the work and construction of said improvement, the quality and character of the materials used therein, and the grade and finish of said improvement, shall all conform to and comply with the plans, profiles and specifications for said improvement now on file," etc.

The provision referred to in regard to the bond is as follows:

"81. The contractors shall furnish a bond, satisfactory to the commissioner of public works, for the sum of fifteen thousand dollars ($15,000), as a guarantee that said contractor will faithfully perform the work in accordance with the terms of this agreement, and also that he will, without further compensation, keep in continuous good repair all pavement laid under this contract for a period of five (5) years from September 1, 1894.   In case the contractor at any time shall fail to keep said pavement in a condition satisfactory to the commissioner of public works during said period, the said commissioner may employ skilled workmen to make such repairs and collect the costs from said contractor or his bondsmen."

In the first place, the specifications, as they appear in the record, are separate and distinct from the contract and the bond.   The provision above quoted is a part of the contract or agreement, and, although it is filed with the specifications, yet we hold here, as was held in *Rich* v. *City of Chicago*, 152 Ill. 18, "that the clauses referred to, and attached to the plans and specifications, form no part

of the plans and specifications adopted by and made a part of the ordinance."

In the second place, the provision complained of, which is quoted above, is merely a warranty or guaranty of the fitness of the material for the use intended. There is nothing in the provision to indicate, that any of the money raised by special taxation is to be applied to the purpose of maintaining the pavement and keeping it in repair. As a guarantee that the pavement is properly constructed, the contractor makes himself liable by a bond to keep it in repair for a certain time. It is not otherwise than if the city had inserted a clause in the agreement, that it would retain a certain per cent of the contract price of the work for the purpose of repairing any defects in the pavement that might reveal themselves within the period specified. We do not regard it as improper, that the city should require some such guarantee as that set out in "this agreement."

In the third place, we are inclined to think, that the ordinance is complete in itself after detaching the objectionable provision, even if the provision be regarded as a part of the ordinance. This case is thus brought within the doctrine of the case of *Cunningham* v. *City of Peoria*, 157 Ill. 499, where it was held, that the specification of the improvement, under an ordinance which is already sufficiently full and precise to answer the requirements of the statute, is not invalidated by the nugatory character of the plans and specifications referred to.

We are of the opinion, that the ordinance in question was not void for the reason urged against it, and that the objection made to it, whether it would or would not have been of any force, if presented upon the application for confirmation of the assessment in the original proceeding, cannot be availed of in this collateral proceeding.

The judgment of the county court is affirmed.

*Judgment affirmed.*