MILO J. ANDREWS *et al.*

*v.*

THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Filed at Ottawa January 19, 1897.*

SPECIAL ASSESSMENTS—*ordinance need not specify when installments shall be due.* An ordinance which provides that an assessment shall be divided into and collected by installments, in accordance with the terms of section 55, article 9, of the City and Village act, as amended in 1891, (Laws of 1891, p. 82,) and which properly fixes the amount of the first installment, is sufficient.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

GEORGE H. TAYLOR, for appellants.

JOHN D. ADAIR, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county for a sale of property owned by the appellants, for an installment of a delinquent special assessment.

It is insisted on behalf of appellants that the ordinance under which the assessment was levied does not authorize its collection by installments, and the only question discussed by counsel is, whether that ordinance is in compliance with section 55, article 9, of the City and Village act, as amended in 1891. (Laws of 1891, p. 82.)

The provision in this ordinance dividing the assessment into installments is as follows:

"Sec. 4. That said assessment shall be divided into and collected by installments, in accordance with the act of the General Assembly of the State of Illinois  *  *  * approved June 15, 1891, in force July 1, 1891, and that the amount of the first of said installments shall be twenty per cent of the total of said assessment."

Section 55 of the statute, *supra*, provides: "That the amount of any special assessment for any local improvement in any city, incorporated town or village may be divided into installments, when so provided for by the ordinance providing for the said improvement, the first of which shall not exceed the sum of twenty-five per cent of the total of said assessment, and which shall be due and payable from and after confirmation of said assessment. The remaining portion of said assessment, after deducting the said first installment, shall be divided into four equal annual installments, which said installments

shall be payable annually thereafter, and collected in the same manner that other assessments are now collected; and the annual interest herein provided for, on all of said installments which may at any time remain unpaid, shall also be payable annually thereafter, and collected in the same manner that other assessments are now collected. Each of said four last named installments shall bear interest at the rate of six per cent per annum, payable in each year, from and after the first day of July next succeeding the confirmation of said assessment when such confirmation shall be had between the first day of November and the first day of March; and when such confirmation is had between the first day of March and the first day of July, then each of the said four last named installments shall bear interest at the rate of six per cent per annum in each year, from and after the first day of October next succeeding such confirmation of assessment; and when such confirmation is had between the first day of July and the first day of November, then each of said four last named installments shall bear interest at the rate of six per cent per annum, from and after the first day of January next succeeding such confirmation of assessment. Such interest shall be payable in each year at the time when the installments are payable: *Provided*, that in cities containing a population of fifty thousand or more this and the following sections shall not apply except in cases where any such special assessments shall exceed, in the aggregate, the sum of $15,000."

The contention of counsel for appellants is, as we understand, that the ordinance, to be valid, should have set forth the number of installments into which the assessment should be divided, when they should each become due, etc. In other words, instead of saying it should be divided into and collected by installments in accordance with the act, etc., it should have stated, in and of itself, how it should be provided and collected, making its provisions conform to the statute. The ordi-

nance, taken with the statute, is certain and specific. It fixes the amount of the first installment at twenty per cent. The statute says that installments shall be due from and after the confirmation of the assessment. The statute also says the remaining portion shall be divided into four equal annual installments, which shall be payable annually, etc. If the part of the statute beginning with the words, "the remaining portion of said assessment," and ending with the sentence "such interest," etc., had been literally copied into the fourth section of the ordinance there could have been no question of its sufficiency; and while it may be conceded, as a general rule, that the better mode of drafting the ordinance would have been to so copy its language, we are satisfied this statute does not contemplate that it should be so done. Section 57 of the act *supra* clearly indicates the contrary. It provides: "Whenever any city, incorporated town or village desires to make the collection of any special assessment, as aforesaid, by installments under the provisions of this act, the ordinance providing for said improvement shall also state that the same shall be collected by installments, and fix the amount of the first installment." By thus providing that the ordinance shall state that the assessments shall be collected by installments and fix the amount of the first installment, it clearly implies that it shall not be necessary to do more. As we have seen, this ordinance does state that the assessment shall be divided into and collected by installments and also fixes the amount of the first installment. This was a full compliance with the requirements of the statute.

The judgment of the county court will be affirmed.

*Judgment affirmed.*