THE CITY OF CHARLESTON

*v.*

RICHARD CADLE et al.

*Filed at Springfield May 11, 1897.*

1. SPECIAL ASSESSMENTS—*act of 1885, for construction of drains by special assessment, construed.* The provision of section 3 of the act of 1885, to vest in corporate authorities of cities and villages power to construct and maintain drains, ditches, levees, etc., (Laws of 1885, p. 60,) by the levy and collection of special assessments in accordance with section 9 of the City and Village act of 1872, adopts such section as it then existed, and does not adopt the subsequent amendments permitting the division of assessments into installments.

2. DRAINAGE—*special assessment for construction of drain under act of 1885 cannot be divided into installments.* A special assessment levied under the act of 1885, to authorize corporate authorities of cities and villages to construct drains and defray the cost by special assessment, (Laws of 1885, p. 60,) cannot be divided into installments.

APPEAL from the County Court of Coles county; the Hon. SUMNER S. ANDERSON, Judge, presiding.

W. E. ADAMS, H. A. NEAL, and F. K. DUNN, for appellant.

J. H. MARSHALL, and J. F. HUGHES, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

On the 6th day of August, 1896, the city council of the city of Charleston passed an ordinance establishing a drainage district and providing for the construction of a drain, under the act of June 22, 1885, entitled "An act to vest the corporate authorities of cities and villages with power to construct, maintain and keep in repair drains, ditches, levees, dykes, etc., by special assessment upon the property benefited thereby." (Laws of 1885, p. 60.) A petition was filed in the county court of Coles county praying for the assessment of the cost of the improvement, as provided by law, upon the property benefited. Commissioners having been appointed and an assessment roll returned to the court, numerous objections were filed by the various owners of property assessed. Upon a hearing before the court the objections, alleging that the ordinance was invalid because it provided for the division of the assessment into ten installments and that the deferred installments should bear interest, and authorized the issuance of bonds, were sustained and the petition was dismissed. From this order of dismissal the city of Charleston prosecutes this appeal.

Section 3 of the act of 1885, under which the proceedings were instituted, provides: "All the proceedings for

the making of the improvements in this act mentioned, * * * and for the levy and collection of the special assessments to defray the cost of the same, shall be in accordance with the provisions of article 9 of the general act for the incorporation of cities and villages, approved April 10, 1872." The ordinance in question provides that the special assessment which is to be levied to pay for the proposed improvement shall be divided into ten installments, and that interest-bearing bonds shall be issued to pay deferred installments; and these provisions, it is contended, render the ordinance void, because the City and Village act of 1872, when the third section of the Drainage act was adopted, in 1885, did not authorize the assessment to be divided into installments.

Article 9 of the act to provide for the incorporation of cities and villages, as originally enacted in 1872, contained no provision for the collection of special assessments or special taxes in installments; but in 1887 (Laws of 1887, p. 104,) the legislature amended the act of 1872, and then for the first time made provision for the collection of special assessments in installments. In 1891 the amendment of 1887 was amended, and in the latter amendment provision was made for the collection of special assessments in five installments. (See Laws of 1891, p. 81; *English* v. *City of Danville*, 150 Ill. 92.) But as the act of 1872 contained no provision for the collection of special assessments in installments in 1885, when the act was passed providing for the collection in accordance with article 9, the question presented is, whether the subsequent amendments of that article can be availed of to aid or sustain the proceedings instituted by the city in this case.

The same question involved here arose in *Culver* v. *People*, 161 Ill. 89. There an ordinance was passed under the act of May 2, 1873, which authorized the corporate authorities of the town of West Chicago to prescribe by ordinance that the improvement of a boulevard, or any

part thereof, may be made by special assessment or special taxation of contiguous property. Section 3 of the act provides that the proceedings to levy and collect the assessment subsequently to the filing of the petition shall conform, as near as may be, to article 9 of the City and Village act of April 10, 1872, "and all of the provisions of said article 9, so far as applicable, shall be in force and apply to any assessment made under this act." Under this statute an ordinance was passed for the improvement of Douglas Park boulevard in 1893, providing that the special assessment should be divided into installments. It was there contended, as it is here, that the petitioner was entitled to claim the benefit of the amendments of the act of 1872, passed by the legislature in 1887 and 1891, but the court held that the third section of the act of 1873, which adopted the provisions of the act of 1872, only adopted the law as it existed at that time, and did not include subsequent additions or modifications of the statute. The decision in that case is conclusive of the question here presented.

It is, however, contended, that the act of 1893, providing for the collection of assessments in installments, (Laws of 1893, p. 78,) may be regarded as an amendment of the act of 1885, and as such is authority for dividing the assessment into installments. In *English* v. *City of Danville, supra,* the question arose whether the act of 1893 was an independent act or an amendment to article 9, and it was held that the act of 1887, as amended by the act of 1891, became an amendment to article 9. If, therefore, the act of 1893 was merely an amendment of article 9, as held, it is clear that, under the authority of the *Culver case,* it had no effect whatever on the Drainage act of 1885.

We think the conclusion reached by the county court was correct, and its judgment will be affirmed.

*Judgment affirmed.*