### H. LATHAM *et al.*

*v.*

### THE VILLAGE OF WILMETTE.

*Opinion filed November 1, 1897.*

1. SPECIAL ASSESSMENTS—*words "not less than" do not render ordinance uncertain.* Words "not less than," used in a paving ordinance in describing measurements and dimensions, as, "not less than seven inches of sand," "a finishing coat not less than one-half inch thick," will not render the ordinance void for uncertainty of description.

2. SAME—*how far determination of special assessment commissioners is final.* Commissioners appointed to spread a special assessment have large discretion in determining what property is benefited by the improvement, and in the absence of fraud their determination in that regard is final.

3. SAME—*act of 1893, for dividing an assessment into installments, construed.* The act of 1893, (Laws of 1893, p. 78,) which provides that special assessments may be divided into not more than seven installments, the first to include all fractional amounts, leaving the others equal in amount and multiples of $100, does not limit the first installment to one-seventh of the whole assessment plus the fractional amounts.

4. SAME—*when ordinance dividing assessment into installments is sufficient.* Under the act of 1893 an ordinance which divides the assessment into seven installments, the first to include twenty per cent of the assessment together with all fractional amounts, leaving the others equal in amount and multiples of $100, is sufficient.

5. SAME—*statute does not prescribe the basis for estimating cost.* The statute does not prescribe the basis for estimating the cost of an improvement or the benefits flowing therefrom, and the assessment commissioners may adopt such basis as will work a just result.

6. SAME—*commissioners cannot impeach terms of their sworn report.* Special assessment commissioners cannot be permitted to impeach the terms of their sworn report concerning the items included in making their estimate.

7. SAME—*when ordinance may require contractor to keep street in repair.* A paving ordinance requiring the contractor to keep the street in repair for two years free of charge is not invalid, where the assessment commissioners did not consider the matter of repairs in estimating the cost of the improvement.

APPEAL from the County Court of Cook county; the Hon. H. W. JOHNSON, Judge, presiding.

CARL R. LATHAM, for appellants:

The power of the city council to declare what shall be local improvements is necessarily implied from the power to make the same in the mode and by the means prescribed. But this implication can arise only in respect to improvements authorized to be made by special assessment or special taxation. *Chicago* v. *Blair,* 149 Ill. 310.

In cases of fraud, or departure from the principles governing in like cases, it is the duty of the court to set aside the assessment, or to cause it to be so changed as to make a just and true assessment. *Jones* v. *Lake View,* 151 Ill. 663.

When the statute has prescribed no limit, what warrant has the court to reject any defense which shows that the assessment is illegal and ought not to be collected? It is the first duty of the court to listen to the defense of fraud. *Chicago* v. *Burtice,* 24 Ill. 489.

It is the duty of the commissioners to examine the locality where the proposed improvement was to be made, and each contiguous tract of land and lot affected thereby, and determine the amount of the special benefit accruing from such improvement and apportion the cost thereof. *Springfield* v. *Sale,* 127 Ill. 359.

A special assessment proceeding is purely statutory, and the powers conferred on municipalities by statute must be followed strictly. *Chicago* v. *Blair,* 149 Ill. 310.

The maintenance and repair of a road is not a local improvement, within the meaning of article 9, section 9, of the constitution, and a municipal corporation has no authority to levy special assessments which provide for keeping streets in repair. *Crane* v. *Park Comrs.* 153 Ill. 348.

JOSEPH L. McKITTRICK, for appellee:

It is sufficient if the nature, character, locality and description of the improvement required appear, either by setting forth the same in the ordinance itself, or by reference to maps, plats, plans, profiles or specifications thereof on file in the office of the proper clerk, or both. *Railroad Co.* v. *East St. Louis*, 134 Ill. 656; *Callon* v. *Jacksonville*, 147 id. 113.

It is not necessary that an ordinance for the construction of an improvement by special assessment should set forth the details and all the particulars of the work. A substantial compliance with the statute is all that is required. *Vane* v. *Evanston*, 150 Ill. 616; *Kankakee* v. *Potter*, 119 id. 324; *Pearce* v. *Hyde Park*, 126 id. 287; *Adams County* v. *Quincy*, 130 id. 566; *Woods* v. *Chicago*, 135 id. 582; *Kimble* v. *Peoria*, 140 id. 157.

It is not necessary that the commissioners assess all property benefited. *Lake* v. *Decatur*, 91 Ill. 596.

The judgment of the commissioners as to what property shall be included and what shall be omitted in the assessment of special benefits to be derived from a contemplated improvement cannot be questioned except for fraud. It cannot be overthrown by testimony of other persons that property benefited by the proposed improvement was not assessed. *Elliott* v. *Chicago*, 48 Ill. 293; *Jenks* v. *Chicago*, id. 296.

Commissioners appointed by a city council or board of trustees to make an estimate of the cost of the proposed improvement cannot be called as witnesses to impeach their report by showing that they failed to discharge their duties, after such report has been acted upon and

approved by the proper municipal authorities.   *Quick* v.
*River Forest*, 130 Ill. 323; *Wright* v. *Chicago*, 48 id. 285.

The basis upon which the estimate was made can only
be determined by reference to the ordinance, specifica-
tions, plans, etc., and the report of the commissioners,
as approved by the council or village board.   Outside of
this the courts will not permit inquiry to be made.   *Pike*
v. *Chicago*, 155 Ill. 656.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of
the court:

This is an appeal from a judgment of the county court
of Cook county confirming a special assessment for the
paving, curbing and improving of Hill street, in the vil-
lage of Wilmette.   Certain objections were filed by lot
owners, which were overruled.   No evidence was offered
on objections, to be heard by a jury, and the court con-
firmed the assessment.   This appeal is prosecuted, and
appellants contend the court erred in overruling legal
objections interposed, for these reasons:   First, the ordi-
nance does not specify the nature, character, locality and
description of the proposed improvement, as required by
law, and is void for uncertainty; second, that the assess-
ment roll does not include all the property contiguous to
the line of the proposed improvement and which would
be specially benefited thereby; third, that the ordinance
divides the assessment into installments arbitrarily, and
not as provided by statute; fourth, that the trial court
erred in excluding evidence offered by appellants in sup-
port of their legal objections; and fifth, that the ordi-
nance provides for the keeping of the street in repair.

The ordinance required the curb and gutter to be con-
structed on a bed of sand not less than seven inches in
depth, and that exposed surfaces be covered with a fin-
ishing coat not less than one-half inch thick, etc.   The
words "not less than" are used several times in the ordi-
nance.   They are found in the following connections:

"The road-bed shall be thoroughly rolled with a roller weighing not less than ten tons;" "the outer two feet of the roadway, on each side thereof, shall be improved with a concrete combination curb and gutter, to be not less than six inches thick throughout;" "the hight of the curb above the gutter flags to be not less than four nor more than ten inches;" "the combined curb and gutter shall be constructed and placed upon a bed of clear sand not less than seven inches in depth;" "all exposed surfaces (of curb and gutter) shall be covered with a finishing coat not less than one-half inch in thickness;" "the curb and gutter shall be divided into blocks not less than four nor more than eight feet in length;" "at each intersecting street with the street being improved will be placed four sets and at each alley intersection two sets of stone cross-walks, each set to be made of two rows of granite blocks fourteen inches wide, eight inches thick and not less than four feet nor more than eight feet long." The appellants contend that the words "not less than," as used in the ordinance, are vague and indefinite and render the ordinance void for uncertainty.

In *Jacksonville Railway Co.* v. *City of Jacksonville*, 114 Ill. 562, the ordinance provided: "The pavement shall be what is known as the 'Bloomington brick pavement.' The foundation thereof shall be laid of cinders, sand, gravel or other materials equally suitable, at least six inches deep, * * * surfaced by at least one inch of sand," etc. In that case the confirmation of the assessment was affirmed.

In *Levy* v. *City of Chicago*, 113 Ill. 650, the ordinance provided that the street be curbed with "curb-stones to be equal to the best quality of Athens stone, *not less than* four feet long, three feet deep and five inches in thickness," and that the street between certain points "be and the same is hereby ordered filled and graded to within eleven inches of the pavement." Appellants in that case contended that the ordinance was void for indefiniteness

in not describing the filling of the street, what materials were to be used, etc. It was conceded that the ordinance was definite except as to the provisions for "filling the street." No objection was made that the length, depth and thickness of the curbing were not definitely described by the words "not less than," etc. The court held the ordinance sufficiently definite, and in their opinion say, that if the term "filling" had a settled and well-known meaning in Chicago, when used in connection with the improvement of the streets, there would seem to be no uncertainty as to the ordinance.

In this case the testimony of two civil engineers was to the effect that the term "not less than" one-half inch of finishing surface meant one-half inch, and where a phrase of that description is inserted as a clause in specifications it means that the contractor has to get the full one-half inch. The evidence shows this term has a well understood meaning, and every business man would attach the above, and no other, meaning thereto. The ordinance was sufficiently definite in that regard.

The second objection is, that the assessment roll does not include all contiguous property specially benefited. The commissioners to spread the assessment are vested with a large discretion in determining what property is benefited and the extent of the benefits, and in the absence of fraud that judgment must stand on the question as to what property shall be included and what omitted. (*Wright* v. *City of Chicago*, 48 Ill. 285; *Lake* v. *City of Decatur*, 91 id. 596; *Jones* v. *Town of Lake View*, 151 id. 663.) This objection was not well taken.

Neither was it error to sustain objections to questions by which it was sought to show that contiguous property was not assessed. The commissioners were the judges in the premises, and reported the lots assessed specially benefited and the amounts of such benefits, and their judgment can be impeached only for fraud. *Wright* v. *City of Chicago, supra.*

Counsel for appellants contends that the ordinance under which the assessment is levied is void because the amount of the first installment is not fixed as required by statute, and because the ordinance provides that the first installment shall include twenty per cent of the entire assessment, together with all fractional amounts, etc. Section 4 of the ordinance provides that said assessment "shall be divided into seven installments, the first of which installment shall include twenty per cent of the assessment, together with all fractional amounts, and each of the remaining installments shall be equal in amount and multiples of one hundred ($100) dollars."

The first section of the act of 1893 provides, (Laws of 1893, p. 78,) that "whenever the corporate authorities of any city, town or village have heretofore levied or shall hereafter levy any special assessment pursuant to law, it shall be lawful for such corporate authorities, at any time prior to the commencing the collecting thereof, to provide, by ordinance, that said assessment shall be divided into installments, not more than seven in number, the first of which installments shall be due and payable on and after confirmation thereof, and the second installment one year thereafter, and so on until all are paid. But such division shall be so made that the first installment shall include all the fractional amounts, leaving each of the remaining installments equal in amount and multiples of $100." The section also provides that the installments shall bear interest. The second section provides for issuing bonds. This act has been held to be an amendment of the act of 1887, as amended by the act of 1891. *English* v. *City of Danville*, 150 Ill. 92.

When the ordinance is adopted the total amount required for the improvement is not known, and is incapable of ascertainment until the commissioners make their report. If the ordinance prescribes with reasonable certainty the amount of the first and subsequent installments, it is sufficient. If more was required no method

of ascertainment had been provided, and the act would be rendered nugatory.

The law enacted in 1887 (Hurd's Stat. chap. 24, art. 9, sec. 55,) provided that an assessment could be divided into five installments, the first of which should not exceed twenty-five per cent of the whole assessment, and that the remaining portion of said assessment, after deducting the first installment, should be divided into four equal annual installments. The law of 1893 provides that any special assessment may be divided into installments, not more than seven in number, and the division of said assessment shall be so made that the first installment shall include all fractional amounts, leaving each of the remaining installments equal in amount and multiples of one hundred. The latter act being an amendment of the former, as held in *English* v. *City of Danville, supra,* they must be construed together. By the act of 1887 the power is conferred on the corporate authorities to fix the amount of the first installment, which shall not exceed twenty-five per cent of the entire assessment, and the amendatory act of 1893 provides that the ordinance shall also include in the first installment all fractional amounts. The ordinance in question divided the assessment into seven installments, and made the first installment twenty per cent and all fractional amounts, in accordance with the amendatory act of 1893. There is nothing in the statute limiting the amount of the first installment to one-seventh of the total amount and the fractional amounts. We hold this objection is not well taken. *Andrews* v. *People ex rel.* 164 Ill. 581; *Davis* v. *City of Litchfield,* 155 id. 385; *Delamater* v. *City of Chicago,* 158 id. 575; *English* v. *City of Danville, supra.*

The objectors offered two witnesses, and the following questions were propounded to each: "Do you know on what basis the commissioners estimating the cost of the proposed improvement of Hill street, in the village of Wilmette, made their estimate?" "Do you know what

items were included in the estimate made for the im-
provement of Hill street by the commissioners estimat-
ing the cost of said improvement?" "State if you know
whether the commissioners estimating the cost of said
improvements included·any items for attorneys' fees or
for the cost of issuing bonds?" To which objection was
interposed and sustained, and exceptions taken to the
ruling of the court. These two witnesses were members
of the village board. The statute has not prescribed the
basis for the estimate of benefits nor for the estimate of
costs of the improvement, hence the commissioners are
at liberty to adopt such basis as will work out a just
result. (*City of Springfield* v. *Sale*, 127 Ill. 359; *Pike* v. *City
of Chicago*, 155 id. 656.) It was not error to sustain the
objection to the first question. The commissioners made
their sworn report, which set out the items included in
the estimate, and the last two questions were as to
what was in the report. It was not error to sustain the
objection.

It is finally urged that the ordinance provides for
keeping the street in repair, and is erroneous. The speci-
fications provide that the contractor shall, without any
extra compensation, keep in repair said curb and gutter
for a period of two years after its final acceptance, by
making good any settlement or derangement of lines or
grades of curbs, gutters and crossings, and by replacing
defective materials or work in curbs, gutters, crossings
and pavements. This specification is no more than a
guaranty that the work has been properly done, and the
contractor makes the agreement to repair if defective.
In estimating the cost of the improvement the commis-
sioners did not take into consideration any cost of repair-
ing, and this requirement was reasonable and proper.
*Cole* v. *People ex rel.* 161 Ill. 16.

The judgment of the county court of Cook county is
affirmed.                                   *Judgment affirmed.*