MARY A. KNUDSON, Appellant, *vs.* CHARLES N. NEAL, *et al.* Appellees.

*Opinion filed February 18, 1926.*

1. MUNICIPAL CORPORATIONS—*when a city may use a private sewer—injunction.* Where a property owner has constructed a sewer across her lot and connected it with the city sewer system, and has allowed the city to use the private sewer for nineteen years without objection, a mutual drainage system is established by implied agreement within the meaning of section 1 of the act of 1889, and the property owner cannot enjoin the connection of another private sewer with the city system running through her lot, where there is no evidence that the connection will overtax the capacity of her private sewer.

2. DRAINAGE—*act of 1889 for establishing mutual drainage system applies to sewers.* Section 1 of the act of 1889, providing that when drains are established by mutual agreement across adjoining lands they shall be held to be drains for the mutual benefit of all the lands interested therein, enlarges the rights of drainage as they existed at common law and applies to the sewers of a city, and various connections therewith, leading into a common outlet.

APPEAL from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

SHERMAN, BAINUM, PREE & WELDON, for appellant.

EDMUND BURKE, Corporation Counsel, and W. EDGAR SAMPSON, City Attorney, for appellee City of Springfield.

B. L. CATRON, for other appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellant, Mary A. Knudson, filed her bill in the circuit court of Sangamon county alleging that she is the owner in fee of lot 20 in Scholes & Keys' Boulevard addition to the city of Springfield; that she occupies the dwelling thereon as her home; that in 1905, when she built the house on

said lot, she caused to be laid in a ravine running diagonally across the lot, a sewer pipe for her private use; that the northeast end of the sewer was sealed, and that at its southwest end the sewer emptied into a public sewer. The bill alleged further that appellee Ina G. Neal owned lot 12, in block 2, in Williams & Coe's addition to the city of Springfield, which lies across Fayette avenue, immediately north of the lot owned and occupied by appellant; that Neal has constructed an apartment house on the east end of lot 12 and has obtained from the city of Springfield a permit granting her permission to lay a sewer in Fayette avenue connecting her apartment house with a public sewer which empties into appellant's private sewer, and that employees of Neal were laying the sewer to make the connection. She alleged further than she did not know that the city had connected the public sewer in Fayette avenue with her private sewer until she saw Neal attempting to make a connection; that she had never given her consent to a connection with the city; that her private sewer was not of sufficient capacity to carry the sewage of the territory sought to be drained by the Fayette avenue sewer system, and that the connection of the Neal apartment house with the system will overtax her sewer and render it inefficient. She prayed for an injunction restraining appellees from using her sewer. Answers were filed, alleging that the public sewer in Fayette avenue was connected with the sewer laid across appellant's lot in 1905, when she caused her sewer to be laid; that the connection was made with her knowledge, and that she had acquiesced in the use of her sewer as a part of the sewer system of that section of the city of Springfield since the time the sewers were laid. The city of Springfield also filed a cross-bill setting forth the same facts alleged in its answer, and praying for an injunction restraining appellant from interfering with the flow of sewage through the sewer pipe on her premises. The cause was referred to a master in chancery, who heard evidence and reported his findings,

with a recommendation that a decree be entered denying the prayer of the bill and granting the prayer of the cross-bill. A decree was entered accordingly, and this appeal followed.

Inasmuch as we find the facts the same as they were found by the master and the chancellor, no useful purpose will be served by setting forth the evidence in detail. Suffice it to say that the evidence in this record shows, with little contradiction, that the natural drainage of the territory north and east of appellant's lot is through a ravine which enters her lot from the northeast and crosses it diagonally, leaving the lot at the southwest corner; that about 1905 an 18-inch pipe-sewer was laid in the ravine across her lot, across the alley east of her lot and across the corner of lot 19, which lies east of the alley, and a 12-inch sewer was laid down the middle of Fayette avenue from Illinois street to English street. All of this pipe was joined in one common sewer system and connected with a five-foot brick sewer located in Washington Park, immediately south of appellant's lot. Shortly after the pipe was laid the trench was filled in Fayette avenue, but the pipe lay in the ravine across lots 19 and 20, and the alley between them, uncovered for several years. A portion of the ravine was filled from time to time, but the fill was not completed until about 1909, when Lincoln avenue, which lies west of appellant's lot, was paved.

Appellant's sewer having been connected at each end with a public sewer of the city of Springfield with appellant's knowledge, and she having acquiesced in the use of her sewer in connection with the sewer of the city, the sewer is brought within the terms of the act of 1889, section 1 of which provides: "That whenever any ditch or drain, either open or covered, has been heretofore or shall be hereafter constructed by mutual license, consent or agreement of the owner or owners of adjoining or adjacent lands, either separately or jointly, so as to make a continuous line upon, over or across the lands of said several owners,

* * * then such drains shall be held to be a drain for the mutual benefit of all the lands so interested therein." (Smith's Stat. 1925, p. 1049.) If it be conceded that the evidence does not show an actual agreement between the appellant and the city to construct a system of drainage for their mutual benefit, the fact that the system has been in existence for nineteen years without objection and with mutual benefit is sufficient to establish a mutual drainage system by implied agreement. (*King* v. *Manning,* 305 Ill. 31.) The act has been applied where one of the parties was a public corporation. (*Town of Crooked Creek* v. *King,* 252 Ill. 126.) Ordinarily we think of drainage as the carrying of surplus waters from lands; but the carrying of water, mixed with filth, from the sewers of the city and from various connections, by means of pipes or otherwise, with such sewers, and the conducting of it into a common outlet, is also a species of drainage. (*City of Charleston* v. *Johnston,* 170 Ill. 336.) The act of 1889 enlarges, rather than restricts, the rights of drainage as they existed at common law. (*Cox* v. *Deverick,* 272 Ill. 46; *Wessels* v. *Colebank,* 174 id. 618.) ·Appellant having joined with the city in building this mutual sewer to drain the territory which naturally drained through her property, the city has the right to use the sewer laid by her across her premises in common with its sewer, which forms a part of the mutual system.

The city having established a sewer system in Fayette avenue, it became obligated to receive the sewage of the public living adjacent thereto as long as its sewer system was not overtaxed. The theory of appellant's bill was, first, that she had not authorized the connection of·the sewer of the city with her sewer; and second, that the connection to be made from the Neal apartment house would overtax the capacity of her sewer. She has failed to support either point with evidence. The evidence clearly preponderates in favor of the city, showing, first, the connection was made

with her knowledge and has been maintained with her ac-
quiescence; and second, the sewer is of sufficient capacity to
handle all the sewage which is now flowing through it or
which will flow through it after the connection with the
Neal apartment house has been made.

The decree of the circuit court is affirmed.

*Decree affirmed.*