JOEL BIGELOW *et al.*

*v.*

THE CITY OF CHICAGO.

1. SPECIAL ASSESSMENTS—*may be confined to lots on line of the proposed improvement.* Where the widening of a street is sought to be made by sections instead of its entire length, the commissioners appointed to assess the benefits of a particular section may properly confine their assessment of benefits to lots situated upon that part of the street embraced in such particular section of the proposed improvement, and their action in this respect is conclusive as to the limits of the property to be specially benefited.

2. On application to confirm a special assessment of benefits of lots, derived by the widening of the street upon which they are situated, evidence that other lots on the same street, beyond either extremity of the proposed

4—90 ILL.

improvement, will be benefited thereby, is irrelevant, and properly excluded. They may be assessed when the street is widened in front of them, and should not bear an unequal burden.

3. SAME—*evidence as to over assessment.* The proper inquiry, on objection to the confirmation of special assessments for widening a section of a street, is whether the assessment of a particular lot is justly made in proportion to the assessment of benefits on the other lots in the general assessment of all the other lots, thus limiting it to the property included in the assessment roll. The assessment is not to be considered in relation to other property not in the roll, or relatively to any lot included therein, but as to the proportion it bears to the entire assessment.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. JOHN F. WILSON, for the appellants.

Mr. JOS. F. BONFIELD, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This is an appeal from an application for the confirmation of a special assessment to meet the expense of widening State street, in the city of Chicago, to the width of 100 feet, from Harrison street to Twelfth street. The original petition in the case was filed in the Superior Court of Cook county, Aug. 24, 1874, in pursuance of an ordinance of the city council directing that that portion of State street be widened to the width of 100 feet, and that the same be done by condemning the property on said street, between Harrison and Twelfth streets, to the depth of 27 feet. The damages were ascertained by a jury to the property so condemned. A supplemental petition in the proceeding was filed Aug. 4, 1875, praying the court to appoint commissioners to make a special assessment, as provided by the statute, for the purpose of raising the amount necessary to pay the compensation and damages awarded, which was done, and the assessment made. On the application for confirmation of the assessment roll, objections were filed by appellants. Upon the trial, verdict was rendered against the

objectors, and judgment entered, confirming the assessment, from which they took this appeal.

There was a stipulation in the case, that State street is 120 feet wide from the river to Madison street; 100 feet wide from Madison to Jackson street; 73 feet wide from Jackson to Harrison street, with condemnation proceedings pending to widen it to 100 feet between those streets; 73 feet wide from Harrison to Twenty-second street, and 66 feet wide from Twenty-second street to the city limits, and that the distance from the river to the city limits, along State street, is four miles and a half.

The assessment roll, for widening State street from Jackson to Harrison street, was introduced in evidence, from which it appeared that no lots north of Jackson street or south of Harrison street were thereby assessed.

The only question presented for consideration, by this record, is as to the admissibility of the following evidence offered upon the trial by appellants and excluded by the court. The counsel for the objectors, after stating to the court below that he proposed to show that the real estate fronting on State street, north of Harrison street, would be specially benefited by the proposed improvement not less than $50,000, and that the real estate fronting on State street, south of Twelfth street, would be specially benefited not less than $20,000, and that the assess-ment as levied upon the property between Harrison and Twelfth streets was levied in the ratio of the benefits to the lots respectively, then inquired of a witness, whether, in his opinion, the lots fronting on State street, south of Twelfth street and north of Harrison street, would be specially bene-fited by the proposed improvement, and if so, what lots, and to what extent? The question was objected to, the objection sustained by the court, and exception taken. The same ques-tion was repeated with respect to a particular specified lot north of Harrison street, and the like objection sustained. The only assignment of error is upon this ruling.

Section 145 of the act relating to cities and villages (Rev. Stat. 1874, p. 236,) under which this proceeding is had, which provides for the trial by jury after return of the report of the commissioners of their assessment, declares that if it shall appear that the premises of the objectors are assessed more or less than they will be benefited, or more or less than their proportionate share of the cost of the improvement, the jury shall so find, and also find the amount for which such premises ought to be assessed, and judgment shall be rendered accordingly.    The evidence offered being that property not assessed was benefited by the improvement, and so that the cost was assessed upon only a part of the property benefited, it is contended that the facts offered to be proved would establish that every lot objected for was assessed more than its proportionate share of the cost of the improvement, which was the defense sought to be made.    But section 139 prescribing the duties of the commissioners, and section 145 stating the issues, must be construed together.    By section 139, it is made the duty of the commissioners to examine the locality where the improvement is proposed to be made, and the lots, blocks, tracts and parcels of land that will be specially benefited by the improvement, and to estimate what proportion of the total cost of the improvement will be of benefit to the public, and what proportion therof will be of benefit to the property to be benefited, and apportion the same between the city or village and such property so that each shall bear its relative equitable proportion ; and having found said amounts, to apportion and assess the amount so found to be of benefit to the property, upon the several lots, blocks, tracts and parcels of land in the proportion in which they will be severally benefited by the improvement: *Provided,* that no lot, block, tract or parcel of land shall be assessed a greater amount than it will actually be benefited. These two things, in making the assessment by the commissioners, under section 139, to assess the lots "in the proportion in which they will be severally benefited," and that no lot "shall be assessed a greater amount than it will be actually

benefited," appear to be what is put in issue by section 145; and it would seem that the words, "proportionate share of the cost of the improvement," in the latter section, should have no other meaning than the words, "proportion in which they will be severally benefited," in section 139.

If the "proportionate share of the cost of the improvement," taken in its literal reading, may be gone into, as claimed by appellants, it would, as it seems, open the inquiry as to whether the relative proportions of public benefit and special benefits had been correctly fixed by the commissioners; for if the relative amount of special benefits, as compared with the amount of public benefit, should have been estimated by the commissioners at too large a sum, then the objectors would appear to have been assessed more than their proportionate share of the cost of the improvement. But such an inquiry was held not permissible, in *Fagan* v. *City of Chicago*, 84 Ill. 227.

A witness was asked there, what proportion of the total cost of the improvement would, in his opinion, be of benefit to the public, and this court sustained the exclusion of the question, by the court below, on the ground that the question was wholly irrelevant; that the determination of the commissioners on that subject was final, and could not be reviewed.

And, indeed, the whole question involved in the present case would seem really to have been determined, in that case, adversely to the position of appellants. It was there said: "We see no objection to the court below confining the examination of the witnesses to a comparison of the assessments objected to, on a particular lot, with the general assessment against all of the other lots. The question being tried was, what proportion the assessment on the particular lot bore to the assessment imposed on all of the other lots, and not as to that on another specified lot. It was, whether the particular lot was over or under assessed, in proportion to the general assessment." Not under or over assessed, when compared with property any and every where in the city, which, according to the fanciful notion of witnesses, might be thought to be

benefited, but whether the assessment was justly made in proportion to the assessment on the other lots in the general assessment against all of the other lots—thus limiting the scope of the inquiry before the jury, to the property included in the assessment roll.    Under this decision, the evidence offered here, as to whether property north and south of the territory embraced in the assessment roll was specially benefited, would seem to have been properly excluded as irrelevant, because without the issues and beyond the scope of the investigation.

It appearing, from the assessment roll in evidence for widening State street from Jackson to Harrison street, that the assessment for that improvement is confined to the property situated between those two streets, it may be inferred from that fact that the plan adopted is to make the improvement of widening the street, by sections, and to assess the cost thereof upon the property fronting upon each particular improvement, as being the property specially benefited.    Such a plan of improvement, carried out, would result apparently in distributing the cost of the improvement fairly and proportionately among the lots fronting upon the street.    As the lots north of Harrison street to Jackson are assessed for this improvement between those streets, it would be unfair that they should be assessed again for the improvement between Harrison and Twelfth streets; and the same may be said in respect of the lots south of Twelfth street, as they may be expected in turn to be assessed for the improvement south of that street when it shall come to be made.

In the case of *Wright* v. *City of Chicago*, 48 Ill. 291, it was said by this court: " It is objected by appellant, that the court excluded testimony offered by him for the purpose of establishing the fact that certain lots specially benefited by the proposed improvement were omitted from the assessment, for the illegal reason that those lots and blocks either had been, or were about to be assessed for improvements on other streets, and he complains that he was not permitted to show, by evidence, that lots omitted from the assessment were specially

benefited by the improvement, as much as other lots that were assessed therefor.

" As to the first matter of complaint, we are not prepared to say the reason given for omitting certain lots, that they were to be included in a future assessment for other improvements, was not a good reason for omitting them."

The present case is quite unlike those of *City of Chicago* v. *Baer*, 41 Ill. 306, *Scammon* v. *City of Chicago*, 42 id. 192, *Parmelee* v. *City of Chicago*, 60 id. 267, cited by appellants' counsel, as decisions of this court, that proof that property benefited was not assessed, was fatal to the assessment. They were all cases of a street improvement, where property upon the line of the improvement, like situated with respect to it as the property which was assessed, and equally therewith specially benefited, was wholly omitted from the assessment, from the mistaken notion that it was exempt therefrom. The holding was, that the constitutional principle of equality of taxation applied as well to special assessments as to the ordinary modes of taxation, and that a special assessment could not be sustained which imposed all the cost upon a portion of the property benefited, and left other property equally benefited wholly exempt. There is no such case here, of property similarly situated with respect to the improvement, and equally benefited as the property assessed, being omitted from the assessment. All the property within the limits of the territory selected by the commissioners, as being deemed specially benefited, is assessed and assessed proportionately. We can see that the portion selected, as compared with other property outside of it, is peculiarly situated, with reference to the improvement—abutting it, and peculiarly affected by it, and specially benefited. The consideration, that the widening of State street its entire length at one time was not being done, but by sections, from time to time, or some similar consideration, was doubtless acted on by the commissioners in selecting the territory which they deemed specially benefited by this particular improvement, and having made the assessments within such limits,

and they appearing to be fair and reasonable, and no manifest violation of the constitutional principle of equality, we are of opinion their action, under the decisions of this court, and under the provisions of the act in question, should be held conclusive as to the limit of property specially benefited.

Finding no error, then, in the exclusion of the offered testimony, the judgment will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE DICKEY, having been of counsel for the city, did not participate in the decision of this case.