ALBERT M. BILLINGS *et al.*

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa April 3, 1897—Rehearing denied October 6, 1897.*

1. SPECIAL ASSESSMENTS—*when street railway need not be assessed for paving street.* Where the ordinance granting a franchise to a street railway company requires it to pave the portion of the street occupied, upon the subsequent paving of the street by the city under an ordinance excepting from its operation that portion of the street occupied by the railway, the company need not be assessed for the improvement.

2. SAME—*public parks under control of park boards cannot be assessed by city for street improvement.* A city has no power to levy a special assessment for street improvement against a public park under control of a board of park commissioners.

3. SAME—*report of assessment commissioners is final as to portion of assessment to be borne by public.* The report of commissioners finding the relative proportion of the cost of an improvement to be borne by the municipality and property owners is conclusive.

4. SAME—*agreement anticipating statutory rebate is not illegal.* An agreement between a city and an objecting property owner that the objector shall allow the assessment to be confirmed, and that in case the contract price of the improvement is less than the commissioners' estimate the judgment against his lot shall be vacated and judgment for the exact amount entered, does not invalidate the assessment.

5. APPEALS AND ERRORS—*objection that clerk's certificate to ordinance is not attested with official seal must be made at trial.* An objection that the clerk's certificate to an ordinance attached to a special assessment petition was not attested with the official seal will not be considered on appeal, where the objection to the admission of the ordinance in evidence at trial was not made on that ground.

APPEAL from the County Court of Cook county; the Hon. C. D. MYERS, Judge, presiding.

WINSTON & MEAGHER, and NEWMAN, NORTHRUP & LEVINSON, for appellants:

The right of occupancy, franchises and interest of a street railroad company having tracks in a street are liable to be assessed for improvements made upon the

167—22

streets. *Chicago* v. *Baer,* 41 Ill. 306; *Railway Co.* v. *Chicago,* 90 id. 573.

The constitutional provision requiring equality of taxation applies as well to special assessments for improvements as to any other form of taxation. *Chicago* v. *Larned,* 34 Ill. 267.

The public for which the park property is held is the entire city, and the city is the body upon which should fall these assessments which the public ought to pay. *West Chicago Park Comrs.* v. *Chicago,* 152 Ill. 392.

JOHN D. ADAIR, and CLIFFORD N. WHITE, for appellee:

A court is empowered by the statute to enter a judgment for less than the assessment as shown by the roll. Starr & Curtis' Stat. 1896, secs. 147, 149, chap. 24; *Jones* v. *Lake View,* 151 Ill. 663.

An objection that the certificate of the city clerk to the copy of an ordinance offered in evidence was not under the seal of the city comes too late when first raised on appeal. *Buntin* v. *Baily,* 27 Ill. 409; *Delamater* v. *Chicago,* 158 id. 584.

Whether or not a street railway company shall pay for paving between its tracks rests in the discretion of the municipal authorities, to be reasonably exercised. *Kuehner* v. *Freeport,* 143 Ill. 104; *Railway Co.* v. *Moline,* 158 id. 64; *Lightner* v. *Peoria,* 150 id. 80.

A park is not subject to assessment for a street improvement where it is under the control of park commissioners. Failure to assess it will not invalidate an assessment of other property. *West Chicago Park Comrs.* v. *Chicago,* 152 Ill. 392; *Fagan* v. *Chicago,* 84 id. 227.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming a special assessment of the city of Chicago providing for the improvement of the roadway on West Lake street, from May to Paulina

street. A hearing was had before the court without a jury, and the court, on the evidence introduced, reduced the assessment on appellants' property twenty per cent, and after making that reduction overruled all the objections interposed and confirmed the assessment.

The appellants rely upon the following grounds to reverse the judgment: First, the assessment roll returned by the commissioners was inequitable, illegal, unconstitutional and void, because the commissioners failed to make any assessment against the right of way and franchise of the West Chicago Street Railway Company for the benefit of the proposed improvement, and because the commissioners neither made an assessment upon the Union Park property, nor assessed a proportionate share of the cost of the improvement in proportion to the benefit to that property, against the city of Chicago; second, the alleged ordinance for the proposed improvement was illegal and void because it provided for the paving of a portion of the roadway of West Lake street which the West Chicago Street Railway Company was, under the terms of its franchise, obliged to pave at its own expense; third, the petitioner and certain other objectors entered into an illegal and fraudulent agreement, in open court, providing for the arbitrary reduction of the assessment upon certain property; fourth, the petitioner offered no evidence that the ordinance in question was ever legally adopted or passed; fifth, the action of the court in making a new assessment on appellants' property of eighty per cent of the original assessment was arbitrary and unauthorized.

It appears from the record that the West Chicago Street Railway Company owned and possessed, by virtue of and under an ordinance of the city of Chicago, a right of way and franchise on West Lake street and intersecting streets, along the line of the proposed improvement, whereby said street railway company had the exclusive right to maintain and operate a street railway line for

the conveyance of passengers for hire, and to occupy for that purpose the central sixteen feet of West Lake street and intersecting streets, as shown on the plat offered in evidence, for a period of years to come, and that the West Chicago Street Railway Company was obliged, by the ordinance granting it its said franchise, to keep that portion of said streets sixteen feet in width, embraced between its street car tracks, well paved and in good condition and repair. It also appears that the ordinance in question authorizing the improvement excepted the sixteen feet occupied by the street railway company from the paving provided for on the rest of the street, and as no assessment was made against the property or franchise of the street railway company it is claimed the proceeding is void.

In *City of Chicago* v. *Sheldon*, 9 Wall. 53, it was held that an ordinance like the one in this case, under which the street railway company entered upon the street and constructed its railway and assumed the burden of paving that part of the street occupied by it, was a contract between the city and street railway company which would preclude the city from making a special assessment against the railway company. This ruling was approved by this court in *Parmelee* v. *City of Chicago*, 60 Ill. 267. We shall not, however, in this case stop to determine whether the city had the power here to make an assessment against the street railway company or not, or whether the doctrine of the two cases is applicable under the facts of this case. Here, in the ordinance providing for the improvement, the city excepted that part of the street occupied by the street railway, no doubt for the obvious reason that the railway company was bound and required, by the ordinance under which it entered upon the street, to pave and keep in good repair that portion of the street which it occupied, which in this case was a strip sixteen feet wide. The validity of an ordinance of this character has been recognized by this

court in a number of cases. The burden imposed upon the street railroad company to pave that portion of the street occupied by it is regarded as an equivalent for the assessment, and hence the rule of uniformity is preserved.

In *Lightner* v. *City of Peoria*, 150 Ill. 80, where the ordinance for a special tax to pay for an improvement on the street, as here, excepted the street railway company from its operation, the question was raised as to the validity of the ordinance, and in the discussion of the question it was said (p. 83): "That the right of way of the railways in the street proposed to be improved is contiguous property, and falls within the designation of property that may be specially taxed, was held in *Kuehner* v. *Freeport*, 143 Ill. 92. In this case it may fairly be presumed that the street railways were required to pave their rights of way. The exclusion of such rights of way from the pavement, etc., to be paid for by special taxation of contiguous lots, blocks and tracts of land, has been so frequently held not to invalidate the ordinance that it can no longer be considered an open question. * * * In *Kuehner* v. *Freeport, supra,* it was said: 'Whether the railway shall pay for paving between its tracks, as is sometimes done, or more or less, or whether the levy shall be of a share or portion of the whole cost, and if so, how much, rests in the discretion of the municipal authorities, to be reasonably exercised.' By reference to the cases cited it will be seen that the levy of a special tax to pay for the improvement not included within the right of way, and excluding it from the levy upon abutting property, has uniformly been sustained. In the absence of anything showing to the contrary, it must be presumed that the municipal authority has exercised its discretion reasonably, and required of the railway companies payment of their just and equal proportion of the cost of the local improvement."

It appears from the record that property known as "Union Park" is located on the line of the proposed im-

provement and was not assessed. This property was one of the public parks in Chicago under the control of a board of park commissioners, and under the ruling of this court in *West Chicago Park Comrs.* v. *City of Chicago*, 152 Ill. 392, the city of Chicago had no power to levy a special assessment on the property.

But it is said, if Union Park could not be assessed in this proceeding, the amount which should properly have been levied on Union Park should have been assessed against the city of Chicago as public benefit. The commissioners appointed to make the assessment and estimate what proportion of the total cost of the improvement will be of benefit to the public and what proportion will be of benefit to the property to be benefited, and apportion the same between the city and the property, made a report, in which they state the proportion of the total cost of the improvement which is estimated will be of benefit to the property to be benefited by said improvement, and apportioned and assessed upon such property $22,388.16; proportion of total cost of the improvement which will be of benefit to the public and assessed to the city of Chicago, nothing. This court has held in a number of cases, that where the commissioners have acted and made their report, as was done here, their finding is conclusive in so far as it fixes the relative amount of the cost of the improvement that is to be respectively borne by the municipality and the owners of the property benefited. *Bigelow* v. *City of Chicago*, 90 Ill. 49; *City of Sterling* v. *Galt*, 117 id. 11; *Walters* v. *Town of Lake*, 129 id. 23.

The next point relied upon is, that the ordinance is void because it provided for the paving of a portion of the street which the street railway company, under the terms of its franchise, was obliged to pave. It appears that at the intersection of Ashland avenue and West Lake street the tracks of the West Chicago Street Railway Company curve into West Lake street, from Ashland avenue across the line of the proposed improvement, and

it is claimed that this small portion of railway track was included in the paving required to be done by the ordinance, and that under the ruling of *City of Chicago* v. *Cummings*, 144 Ill. 446, the ordinance was illegal and void. In the case cited the ordinance provided for the improvement of a street in which a street railroad was located, without making any exception whatever in regard to that part of the street occupied by the railroad, but, on the other hand, the ordinance required the street to be improved its entire width, and was silent in regard to the street railroad. Under these facts it was held that the cost of paving that part of the street occupied by the railway company was wrongfully included in the cost of the improvement to be charged on property benefited. But that case can have no bearing on this case, because the facts here are entirely different from those upon which the decision rests. Here the ordinance providing for the improvement expressly excepts from its operation that part of the street occupied by the street railway company, and while the ordinance does not in terms mention that part of the street railway at the intersection of Ashland avenue and West Lake street, when the whole ordinance is considered we think it was intended to exclude that portion of the track, as well as the main line of the street railway, from the improvement.

It is also claimed that the assessment is illegal because petitioner and certain other objectors, in open court, entered into an arrangement with the city that the objections interposed by them "should be withdrawn and the assessment roll confirmed as to said property, and that when the contract for the construction of said improvement should be let by the city of Chicago and the cost of said improvement ascertained, then the judgment and confirmation so to be entered against said lots of said Brinkerhoff and Johnson, and each of them, should be vacated and the assessments against said lots, and each of them, respectively, reduced to and confirmed for sums

which should bear the same proportion to the actual cost of the work and expenses in the matter of said improvement as the sums set down against said lots, and each of them, in said assessment roll bears to the total estimated cost of said improvement as estimated by the commissioners appointed in and by the ordinance for said improvement." The statute provides that "if too large a sum shall at any time be raised, the excess shall be refunded ratably by those who paid it." (1 Starr & Curtis' Stat. 1896, sec. 163, chap. 24, p. 775.) Where a larger sum is assessed and collected than is required to pay for the improvement the property owners are entitled to a rebate, and the agreement entered into between certain objectors and the city was, in substance, an arrangement under which they might obtain a rebate in case the assessment exceeded the cost of the improvement. The arrangement made could not in any manner injure appellants, and we do not see that they have any just ground of complaint.

It is next claimed that petitioner failed to prove that the ordinance in question was legally passed. This position is predicated on the fact that the certificate of the city clerk attached to the ordinance put in evidence was not attested by the official seal of his office. When the ordinance was offered in evidence no objection was made to its admission on the ground that the certificate did not contain the official seal, and as the objection was not then made, so that the defect could then be cured, the objection may be regarded as waived. An objection of that character should always be made when the evidence is offered, in order that the other party may remedy the defect and thus avoid the objection.

The judgment of the county court will be affirmed.

*Judgment affirmed.*