JOHN CHARLES BIRKET *et al.*

*v.*

THE CITY OF PEORIA.

*Opinion filed April 17, 1900.*

1. PUBLIC IMPROVEMENTS—*sections 37, 38 and 39 of act of 1897 do not apply to special taxation.* Sections 37, 38 and 39 of the Improvement act of 1897, providing for the apportionment of the cost between the municipality and private owners by the superintendent of special assessments or some person appointed for that purpose, apply by express terms to special assessments, but do not apply where the improvement is to be made by special taxation.

2. SPECIAL TAXATION—*special tax ordinance may apportion public and private expense of improvement.* An ordinance providing for the construction of a local improvement by special taxation upon contiguous property is not void because it fixes the proportion of the cost to be borne by the municipality and private owners, but, on the contrary, such apportionment is properly made by the ordinance and is not subject to review by the court, since sections 47 and 48 of the act of 1897, relating to the court's power to review the apportionment of cost, apply only to special assessments.

3. SAME—*effect where one tenant in common had no notice of special tax.* That one tenant in common of property specially taxed for a local improvement was not notified, as required by statute, cannot be made the basis of an objection to confirmation by the other co-tenants, since the latter may pay their proportion of the tax and relieve their individual interests in the property therefrom, as may be done by part owners of land in case of general taxes.

APPEAL from the County Court of Peoria county; the Hon. R. H. LOVETT, Judge, presiding.

JAMES A. CAMERON, for appellants.

W. V. TEFFT, City Attorney, and HENRY MANSFIELD, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

In October, 1898, the city council of Peoria passed an ordinance providing for the paving of Perry avenue, between Cornhill and Abington streets, with asphaltum,

and for putting in on each side of said avenue a combined curb and gutter, and that ninety-five per cent of the cost of the improvement should be raised by special taxation upon contiguous property according to frontage, and the remaining five per cent should be paid by the city out of its general funds. Certain lots fronting upon the avenue were owned, as tenants in common, by the appellants, and Maybell Birket, who has not appealed. The appellants, only, appeared and filed objections to the confirmation of the assessment, and on this their appeal from the judgment of confirmation they assign for error that the court erred in overruling their legal objection that the ordinance was void because it apportioned the cost between the city and the property to be benefited. Their contention is, that the statute provides that such apportionment must be made by the superintendent of special assessments, and not by the city council.

It is expressly provided by the act of June 14, 1897, (Hurd's Stat. 1897, secs. 36, 38, 39, p. 363,) that where the ordinance contains no provisions for condemnation, and provides that the improvement shall be paid for wholly or in part by special assessment, the court shall, upon the filing of the petition, enter an order directing the superintendent of special assessments to make a true and impartial assessment of the cost of the improvement upon the petitioning municipality and the property benefited by the improvement. Section 39 provides that "it shall be the duty of such officer to estimate what proportion of the total cost of such improvement will be of benefit to the public and what proportion thereof will be of benefit to the property to be benefited, and to apportion the same between the city * * * and such property, so that each shall bear its relative, equitable proportion." And sections 47 and 48 confer power on the court to determine whether or not the assessment as made and returned is an equitable and just distribution of the cost of the improvement between the public and the property, and to

change or modify such distribution, but its decision upon that question is not subject to review on error or appeal.

Under prior legislation we have uniformly held that the court had no power to change the distribution, made by or under the provisions of the ordinance, of the cost of the improvement between the public and the property assessed. (*Bigelow* v. *City of Chicago*, 90 Ill. 49; *Fagan* v. *City of Chicago*, 84 id. 227; *Watson* v. *City of Chicago*, 115 id. 78; *City of Sterling* v. *Galt*, 117 id. 11; *Billings* v. *City of Chicago*, 167 id. 337; *Walters* v. *Town of Lake*, 129 id. 23.) This rule was applied in both special assessment and special taxation proceedings, and it is clear that it was the intention of the legislature to change the rule as applied to special assessments, so that the court in which the proceedings shall be pending for confirmation of the assessment shall have power to revise and change the distribution of the' cost of the improvement between the petitioning municipality and the property to be assessed, so as to make the assessment a just and equitable one. But it does not follow that it was the intention of the legislature to confer the same power on the court in proceedings where the ordinance provides that the cost of the improvement shall be raised by special taxation of contiguous property. Indeed, the language of the sections above referred to does not embrace special taxation, but special assessments only, and can be extended to special taxation only, if at all, by virtue of section 35 of the same act, which is as follows: "When the ordinance under which a local improvement shall be ordered shall provide that such improvements shall be made wholly or in part by special taxation of contiguous property, such special tax shall be levied, assessed and collected, as nearly as may be, in the manner provided in the section of this act providing for the mode of making, assessing and collecting special assessments: *Provided*, that no special tax shall be levied or assessed upon any property to pay for any local improvement in an amount in excess of the special bene-

fit which such property shall receive from such improvement. Such ordinance shall not be deemed conclusive of such benefit, but the question of such benefit and of the amount of such special tax shall be subject to the review and determination of the court, and be tried in the same manner as in proceedings by special assessment."

This section, without the proviso and without the words "as nearly as may be," is substantially the same as section 17 of article 9 as it originally stood in the general Incorporation act. (1 Starr & Cur. Stat. 491.) The proviso was added by the amendment of 1895, (Laws of 1895, p. 100,) and the whole, with but slight changes, was incorporated in the said act of 1897 as section 35, so that by virtue of this section as it now is no special tax can be levied on property in excess of the special benefit which it receives from the improvement, and that question is not concluded by the ordinance, but is open to review by the court as in special assessments. Still, the section as it now is confers no more power on the court to review and change the apportionment, as made by the ordinance, of the cost of the improvement between the public and the property to be specially taxed, than it did before the proviso was added and when our previous decisions on the subject were rendered. And it may be further observed that by the insertion in the section of the words "as nearly as may be," there is a clearer legislative recognition than formerly of the inapplicability of the procedure, as a whole, in cases of special assessment to cases of special taxation. It is no answer to say that by reducing the amount levied by the ordinance on contiguous property so that it shall not exceed the benefits the action of the court may result in increasing the amount to be paid by the municipality from its general funds, for that is a question which the municipality must deal with, and not the courts. As said in *Hull* v. *People*, 170 Ill. 246, the amendment of 1895 merely changed the rule which before prevailed by providing that the ordinance

should not be deemed conclusive of benefits, but that the land owner might, if dissatisfied, have that question submitted to the court and tried by a jury in the same manner as in proceeding by special assessments. See, also, *Pfeiffer* v. *People*, 170 Ill. 347.

It follows, therefore, that the ordinance was not void because it fixed the proportion of the cost of the improvement to be paid by the city out of its general funds. And had the ordinance authorized the superintendent of special assessments to make such apportionment, it does not follow that in cases of special taxation as this is, his apportionment, as between the public and the property, could be reviewed by the court; and the case of *City of Jacksonville* v. *Hamill*, 178 Ill. 235, relied on by appellants, does not so hold, but, on the contrary, that such apportionment is final and not subject to review. It was not intended by what was there said to decide that all of the provisions of the statute applicable to special assessment proceedings are also now applicable to special taxation. If it had been, it would not have been held that the action of the officer in making the apportionment of special taxes between the public and the property was final and conclusive, for, as we have seen, section 47 provides that as to special assessments the question may be reviewed by the court. We see no legal reason why, in cases of special taxation, the municipality may not, under the law as it now exists, as it has always heretofore done, determine conclusively for itself what part of the cost of the improvement it shall pay out of general taxes, and do so specifically by the ordinance itself, or by prescribing therein the basis upon which it shall be definitely ascertained and fixed by the officers or persons appointed to spread the taxes. Being of this opinion, it follows the ordinance was not invalid for the reason urged.

The next objection requiring notice is that Maybell Birket, one of the tenants in common of the property, was not notified as required by the statute, and that

the interests of appellants, the other tenants in common, are injuriously affected by the omission, inasmuch, as it is said, the appellants would be compelled to pay the entire assessment on the lots to relieve their interest in them from the burden. We are of the opinion that appellants cannot raise this question. We see no reason why they may not pay their proportion of the assessment and relieve their individual interest in the property therefrom in the same manner as may be done by part owners of lands assessed for taxes under the general revenue laws. Section 71 of act of June 14, 1897; Rev. Stat. chap. 120; *Lawrence* v. *Miller*, 86 Ill. 502; *LeMoyne* v. *Harding*, 132 id. 23.

It is also assigned for error that the tax upon appellants' lots which was confirmed by the court after trial and verdict exceeded the benefits the lots would receive by the improvement. This was a question of fact submitted to the jury upon conflicting evidence. The evidence justified the verdict, and no sufficient reason appears why we should set it aside.

The judgment must be affirmed.

<em>Judgment affirmed.</em>