## D. W. GRAHAM

*v.*

## THE CITY OF CHICAGO.

*Opinion filed October 19, 1900.*

1. SPECIAL ASSESSMENTS—*right of city to provide for whole cost of improvement by special assessment.* A city has power to provide for the whole cost of a local improvement by special assessment, even though it is not shown that steps were taken prior to the passage of the ordinance to ascertain whether there was property benefited to that extent, since the distribution of public and private cost is reviewable by the court upon application for confirmation.

2. SAME—*court's action on distribution of cost of improvement is not reviewable.* Under section 47 of the Improvement act of 1897 the action of the county court in the matter of the distribution of the public and private cost of a local improvement being constructed by special assessment is not open to review upon appeal or error.

3. SAME—*that city requires guaranty for maintenance and repair of pavement does not vitiate assessment.* That the city, in its contracts for vitrified brick pavements, requires the contractor to give a written guaranty for maintenance and repair, does not vitiate a special assessment for the improvement on account of increased contract price occasioned by such guaranty.

WRIT of ERROR to the County Court of Cook county; the Hon. O. H. GILMORE, Judge, presiding.

FRANK S. SHAW, (GEORGE R. BROWN, of counsel,) for plaintiff in error.

CHARLES M. WALKER, Corporation Counsel, DENIS E. SULLIVAN, and WILLIAM M. PINDELL, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a writ of error sued out of this court to the county court of Cook county to review a judgment confirming a special assessment against the land of plaintiff in error to pay for curbing, grading and paving with vitrified brick South Wood street, in the city of Chicago,

from the south line of Washington boulevard to the north line of the City railway right of way on Twelfth street boulevard.

Upon recommendation of the board of local improvements of the city of Chicago the city council passed an ordinance for the proposed improvement, which ordinance, after giving the nature, character, location and description of the improvement, provided for the raising of the amount necessary to pay the cost thereof by special assessment. The usual petition was filed by the city in the county court, praying that a special assessment be levied and confirmed to pay for the proposed improvement, in accordance with the terms of the ordinance. On the trial of legal objections, testimony was given showing that South Wood street, along the line of the proposed improvement, contained many buildings of a public nature, and that the benefit to the public from the proposed improvement would be greater than from the improvement of the average street, and would equal from one-fifth to one-third of the cost of the improvement; also, that the city of Chicago, in its contracts for vitrified brick improvements, such as was contemplated in this improvement, required the contractors to give a written guaranty for the maintenance and repair of the street improved The court overruled all legal objections based on the foregoing facts and the case was submitted to a jury, which reduced the assessment against the property of plaintiff in error to $562.50, and upon this verdict judgment was entered by the court.

It is first objected that the ordinance in this case is void, for the reason that it provides the whole cost of the proposed improvement shall be paid for by special assessment, while it is not shown that any steps were taken prior to the passage of the ordinance to ascertain whether there was property in existence which will be benefited to the amount of the cost of the proposed improvement. Section 1 of the act of June 14, 1897, (Hurd's

Stat. 1897, p. 355,) provides: "That the corporate authorities of cities, villages and incorporated towns are hereby vested with the power to make such local improvements as are authorized by law, by special assessment, or by special taxation, of contiguous property, or by general taxation, or otherwise, as they shall by ordinance prescribe." Section 4 of the act provides: "When any such city, village or town shall by ordinance provide for the making of any local improvement, it shall by the same ordinance prescribe whether the same shall be made by special assessment, or by special taxation of contiguous property, or general taxation, or both." Section 8 of the act provides: "Such ordinance shall prescribe the nature, character, locality and description of such improvement, and shall provide whether the same shall be made wholly or in part by special assessment, or special taxation of contiguous property; and if in part only, shall so state."

The foregoing sections clearly confer upon municipalities the power to determine, by ordinance, whether a local improvement shall be paid for wholly or in part only by special assessment. It is manifest, therefore, the ordinance was not void for want of power in the municipality to pass the same. The passage of said ordinance was, in effect, a determination by the municipality that the property to be assessed would be benefited to the amount of the cost of the proposed improvement and that there would be no public benefit arising therefrom. (*Lightner* v. *City of Peoria*, 150 Ill. 80, and cases cited.) Under the authority of *Birket* v. *City of Peoria*, 185 Ill. 369, such determination is not final, and upon application for the confirmation of such assessment the county court wherein such proceedings were pending had full power to revise and change the distribution of the cost of the improvement as fixed and determined by said ordinance between the petitioning municipality and the property to be assessed, so as to make the assessment a just and equitable one. In that case we say (p. 370): "It is ex-

pressly provided by the act of June 14, 1897, (Hurd's Stat. 1897, secs. 36, 38, 39, p. 363,) that where the ordinance contains no provisions for condemnation, and provides that the improvement shall be paid for wholly or in part by special assessment, the court shall, upon the filing of the petition, enter an order directing the superintendent of special assessments to make a true and impartial assessment of the cost of the improvement upon the petitioning municipality and the property benefited by the improvement.    Section 39 provides that 'it shall be the duty of such officer to estimate what proportion of the total cost of such improvement will be of benefit to the public and what proportion thereof will be of benefit to the property to be benefited, and to apportion the same between the city    *    *    *    and such property, so that each shall bear its relative, equitable proportion.'   And sections 47 and 48 confer power on the court to determine whether or not the assessment as made and returned is an equitable and just distribution of the cost of the improvement between the public and the property, and to change or modify such distribution.    *    *    *    Under prior legislation we have uniformly held that the court had no power to change the distribution made by or under the provisions of the ordinance of the cost of the improvement between the public and the property assessed.   (*Bigelow* v. *City of Chicago,* 90 Ill. 49; *Fagan* v. *City of Chicago,* 84 id. 227; *Watson* v. *City of Chicago,* 115 id. 78; 3 N. E. Rep. 430; *City of Sterling* v. *Galt,* 117 Ill. 11; 7 N. E. Rep. 471; *Billings* v. *City of Chicago,* 167 Ill. 337; 47 N. E. Rep. 731; *Walters* v. *Town of Lake,* 129 Ill. 23; 21 N. E. Rep. 556.)   This rule was applied in both special assessment and special taxation proceedings, and it is clear that it was the intention of the legislature to change the rule as applied to special assessments, so that the court in which the proceedings shall be pending for confirmation of the assessment shall have power to revise and change the distribution of the cost of the improvement between the

petitioning municipality and the property to be assessed, so as to make the assessment a just and equitable one."

It is next objected that the trial court erred in refusing to re-distribute the cost of the proposed improvement between the public and the property owners. It clearly appears from the record that the court below did hear evidence upon and consider such question and refused to change such distribution. We cannot review the decision of the court on that question. The statute expressly provides "the determination of the court as to the correctness of the distribution of the cost of the improvement between the public and the property to be assessed, shall be conclusive, and not subject to review on appeal or writ of error." (Act 1897, sec. 47.) In the case of *Bickerdike* v. *City of Chicago*, 185 Ill. 280, in considering an objection to the constitutionality of this statute, we said (p. 287): "It is next claimed that the distribution of cost between the public and the property assessed was not just or equitable, and that section 47 of the act of 1897, concerning local improvements, providing that the determination of the court on that question shall be conclusive and not subject to review on appeal or writ of error, is unconstitutional and void. The estimate was that there would be no public benefit from the sewer, and the entire cost was levied on private property. We have held under former laws that the decision on that question was conclusive. The proceeding is not a case within the meaning of the constitution, and the right to appeal from the conclusion of the county court is within the control of the legislature. The act is not in violation of the constitution." See, also, *Birket* v. *City of Peoria, supra.*

It is next claimed that the city, in its contracts for vitrified brick improvements, such as is contemplated in this case, requires the contractor to give a written guaranty for the maintenance and repair of such improvement, and that the contract price of such improvement is increased by reason thereof. We are of the opinion

such guaranty does not vitiate the assessment.  *Cole* v. *People*, 161 Ill. 16.

We find no substantial error in this record.  The judgment of the county court is therefore affirmed.

*Judgment affirmed.*