THE CITY OF OTTAWA, Appellee, *vs.* WILLIAM COLWELL
*et al.* Appellants.

*Opinion filed December 17, 1913.*

1. SPECIAL TAXATION—*provision of an ordinance apportioning public and private expense is not subject to review by the courts.* Since the passage of the Local Improvement act of 1897 the decision of the commissioner upon the question of the apportionment of public and private expense, in a special assessment proceeding, is subject to review by the trial court, but in a special tax proceeding the provision of the ordinance apportioning the public and private expense is not subject to review by the courts.

2. SAME—*extent to which principle of uniformity applies to a special assessment or special tax proceeding.* The constitutional principle that taxes shall be uniform as to persons and property within the jurisdiction imposing the same applies in special assessment or special tax proceedings only as to the property benefited by the improvement and not to other property in the city, as the only property the rule applies to is that which is assessed, and if any other property is benefited, the court, on the hearing, has the power of re-casting the roll and having such property assessed.

3. SAME—*proportion of expense taxed to public need not be the same as respects different improvements.* It was not intended by the constitution or the Local Improvement act that the principle of uniformity of taxes should apply on the question of public benefits under separate ordinances for distinct local improvements, and it is no proof of fraud on the part of the public authorities that the proportion taxed to the city for any given improvement is different from that taxed to the city for a somewhat similar improvement in another part of the city.

4. SAME—*argument that the Local Improvement act is unwise should be addressed to legislature.* The argument that the Local Improvement act is unwise in permitting the municipal authorities to be the final arbiters upon the question of what proportion of the expense of a local improvement to be paid for by special taxation shall be taxed against the public, and that the trial court should have power to review that question, should be addressed to the legislature, as the statute is not unconstitutional in that respect and the question of its wisdom cannot be passed upon by the courts.

5. SAME—*question of proportionate share of cost as between different lots cannot be urged in a special tax proceeding.* The question of the proportionate share of the cost of a local improvement as between the different lots cannot be raised in the courts

in a special tax proceeding, and the mere fact that the ordinance taxes the same amount per square foot upon all the property assessed does not establish that it is unreasonable, even though the evidence shows that some of the property assessed is in a deep ravine within the limits of the improvement.

6. SAME—*what does not show that improvement is unreasonable.* The mere fact that certain witnesses testify that the improvement contemplated by a special tax ordinance is unnecessary and unreasonable does not justify the court in substituting its judgment for that of the city authorities.

APPEAL from the County Court of LaSalle county; the Hon. D. H. GREGG, Judge, presiding.

GEORGE H. HAIGHT, and I. I. HANNA, for appellants.

R. C. HITT, City Attorney, R. D. MILLS, and H. M. KELLY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a special tax proceeding brought by the city of Ottawa in the county court of LaSalle county for paving with brick several streets in that part of the city lying south of the Illinois river. On the hearing of legal objections the court ordered the roll re-cast, eliminating all non-abutting property taxed in the proceeding, and directing that the tax on two of the lots, known as the public square, be assessed against the city. After the roll was re-cast the legal objections were overruled. The case was then set down for trial by jury on the question of benefits. On that trial certain of appellants agreed in open court that their respective lots or tracts were benefited as much as they were assessed. The remainder of appellants submitted their case to the jury on the question of benefits, and a verdict was returned finding that their lots were benefited as much as the assessment. After final judgment was entered as to the special tax on all the properties of appellants this appeal was taken.

No complaint is made as to the findings that the property was benefited as much as it was assessed, only legal objections being raised here.

It is insisted by appellants that the ordinance is unjust, unreasonable and void because the whole tax therein provided for was levied upon private property and no part against the city of Ottawa as public benefits. The evidence in the record shows that over four hundred lots or tracts of land were assessed for this improvement; that there is only one wagon bridge across the Illinois river at this point and no other for miles on either side; that the travel between that part of LaSalle county south of the river and Ottawa will use portions of this improvement in order to reach or leave the business part of the city north of the river. Appellants also offered evidence showing that certain other public improvements made in recent years in said city were put in by special assessment and not by special taxation, and that in some of these improvements for paving twenty per cent was taxed against the city as public benefits. It is argued that from this evidence it should be held that the city authorities put in this improvement by special taxation, instead of special assessment, in order to prevent a review by the court as to the proportion to be taxed against the public. Prior to the Local Improvement act of 1897 it was uniformly held that the courts had no power to change the distribution made by or under an ordinance of the cost of a local improvement between the public and the property assessed. (*Birket* v. *City of Peoria,* 185 Ill. 369.) Since the passage of that act this court held in the case just cited that for a local improvement to be made by special taxation the ordinance apportioning the public and private expense was not subject to review by the courts. In a special assessment proceeding the commissioner appointed to spread the assessment must decide those proportionate shares, his decision being subject to review by the trial court. This construction of the Local Improve-

ment act has been approved by this court repeatedly. *Graham* v. *City of Chicago*, 187 Ill. 411; *Mercy Hospital* v. *City of Chicago*, 187 id. 400; *City of Peru* v. *Bartels*, 214 id. 515; *City of East St. Louis* v. *Illinois Central Railroad Co.* 238 id. 296; *City of Kankakee* v. *Illinois Central Railroad Co.* 258 id. 368.

Counsel for appellants concede that this court has so held, but insist that the question now urged as to the failure to tax anything against the public has never been presented to the court and passed upon in any of those decisions. They argue that the constitutional principle of equality of taxation as laid down by this court in *Davis* v. *City of Litchfield,* 145 Ill. 313, and other cases, has not been followed in this case, because the record shows that in other recent local improvements for paving in said city the public was taxed a certain amount while here it is taxed nothing. · Under former constitutions in this State all taxes were required to be uniform as to persons and property within the jurisdiction imposing the same. This rule obtains now, except as to special taxes and special assessments. (*Loeffler* v. *City of Chicago,* 246 Ill. 43.) It has been held by this court that so far as practicable it was the intention of the framers of the constitution to preserve the rule of uniformity in making local improvements, and all property should be taxed that was similarly situated with respect to a proposed improvement. (*Kuehner* v. *City of Freeport,* 143 Ill. 92.) This principle of uniformity and equality, however, applies only to the property benefited by the local improvement and not to other property in the municipality. (*Davis* v. *City of Litchfield, supra; Lightner* v. *City of Peoria,* 150 Ill. 80.) The only property that the rule applies to is that which is assessed. If any other property is benefited, the court, on a hearing, has the power of re-casting the roll and having it assessed. No satisfactory proof is found in this record, and none was offered, showing that the streets that were improved under other local

improvement ordinances were so situated that the public benefits for such improvements would be the same as the public benefits for this improvement. It may frequently happen in a municipality that public benefits for paving a certain street may be entirely out of proportion to the public benefits arising from paving another parallel street not over a block or two distant. Be that as it may, it was not the intention of the framers of the present constitution, or of the legislature in enacting the Local Improvement act, to provide that the requirements of the constitution as to uniformity and equality of tax should apply on the question of public benefits between different and distinct local improvements under separate ordinances. It is no proof of fraud on the part of the public authorities that the proportion taxed to the city for any given improvement is different from the percentage taxed to the city for a somewhat similar improvement in another part of the city.

The argument of counsel that the present statute permitting municipal authorities to be the final arbiters as to what proportion of the cost of the improvement should be taxed against the public leads to gross inequalities in taxation should be addressed to the legislature, as should the argument that in special tax cases, as well as in special assessment cases, the trial courts should be given the power to review the question as to what proportion of the cost of the improvement shall be paid by the public. This court cannot pass upon the wisdom or unwisdom of the present laws on this point unless they contravene some constitutional principle. We have held in a long line of decisions that these laws in this regard are not in conflict with the constitution.

Appellants also suggest in the briefs that the ordinance is unreasonable because it taxes the same amount for each square foot on all the property assessed. There was evidence in the record tending to show that there is a wide,

deep ravine within the limits of this improvement, and it is contended that it is unreasonable to suppose that property in this ravine would be benefited the same as property on the level land. Under the present Local Improvement act this court has held that there might for various reasons be a great difference as to benefits as between various lots, yet if the special tax did not exceed the benefits it would be valid; that the unequal distribution of the cost of the improvement between different lots did not invalidate the tax if it was within the limits of the benefits conferred. (*City of Peru* v. *Bartels, supra; City of East St. Louis* v. *Illinois Central Railroad Co. supra.*) The question of the proportionate share of the cost of the improvement between the different lots cannot be raised in the courts in a special tax proceeding.

It is further urged that the ordinance is unreasonable because it provides for the paving of certain streets which are already improved and in good condition. The evidence in the record on this question was not in harmony. We are disposed to think, however, that the weight of the testimony tends strongly to uphold the contention of the city that the ordinance is not unreasonable in this regard. The fact that certain witnesses testified that an improvement was unnecessary and unreasonable would not, in itself, justify the court in substituting its discretion for that of the city authorities. (*Jones* v. *City of Chicago,* 213 Ill. 92.) There must be a clear abuse of the discretion. In order to justify the court in interfering with the determination of the city council as to the reasonableness of an improvement ordinance, ordinarily such abuse of power must appear upon the face of the ordinance itself. (*Chicago and Northwestern Railway Co.* v. *Village of Elmhurst,* 165 Ill. 148.) Even if this is a case in which it is allowable to look outside of the ordinance to decide that question, the facts disclosed by the present record are not such as to show that there has

been any such abuse of power as to make the present ordinance unreasonable.

We find no substantial error in the record. The judgment of the county court will be affirmed.

*Judgment affirmed.*