THE CITY OF MOLINE, Appellee, *vs.* THE TRI-CITY RAIL-
WAY COMPANY, Appellant.

*Opinion filed February 21, 1914.*

1. SPECIAL ASSESSMENTS—*ordinance is the basis of every spe-
cial assessment.* The ordinance is the basis of every special assess-
ment, and the assessment must be levied in accordance with the
provisions of the ordinance.

2. SAME—*when an assessment cannot be levied against right of
way of a street railway.* Where an improvement ordinance ex-
pressly excepts from the property to be assessed the right of way
of a street railway company, which the company is bound, under
the ordinance granting its street rights, to pave as directed by the
city, such right of way cannot be specially assessed for the im-
provement.

3. SAME—*what objection is broad enough to raise the question
of right to assess street railway right of way.* An objection by a
street railway company stating that "the property of this objector
described in the assessment roll filed herein is not subject to as-
sessment in this proceeding" is broad enough to raise the question
of the right to assess the right of way of the objector, and if the
court overrules all the legal objections it will be presumed that
the objection was called to the attention of the court.

4. SAME—*provision of franchise for paving right of way is re-
garded as the equivalent of an assessment.* An ordinance granting
street privileges to a street railway company, which accepts and
acts upon the ordinance, is a valid and binding contract which can
not be revoked by either party, and if the ordinance requires the
company to pave its right of way as directed by the city, such re-
quirement is regarded as the equivalent of a special assessment on
the right of way when the street is paved.

5. SAME—*when assessment of right of way cannot be sustained
because the improvement includes a storm drain.* Where the ordi-
nance for an improvement expressly excepts from assessment the
right of way of a street railway company, an assessment against
such right of way cannot be sustained upon the theory that a storm
drain, as well as a pavement, was constructed, where it appears that
the storm drain was constructed as a necessary part of the paving
improvement.

APPEAL from the County Court of Rock Island county;
the Hon. BENJAMIN BELL, Judge, presiding.

DIETZ & DIETZ, for appellant.

JAMES M. JOHNSTON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a proceeding brought by the city of Moline in July, 1913, in the county court of Rock Island county, to levy a special assessment to improve certain streets in said city by grading, curbing, draining and paving with brick, the cost to be paid by special taxation on the property benefited. Among the streets to be improved was Twenty-seventh street from the north line of Seventh avenue to the south line of Sixteenth avenue. The Tri-City Railway Company operated its street cars on its tracks on this street between those points. The said company objected to the assessment of $1000 which was levied upon its right of way for the improvement of Twenty-seventh street. After a hearing the legal objections were overruled. A jury having been waived, a finding on the question of benefits was made in favor of the city. Judgment was thereupon entered against said railway company, and this appeal followed.

In June, 1910, the city of Moline granted to said railway company a franchise in said street. Among other provisions of the ordinance was one that when the city council of said city should order the paving of any streets upon which said street railway was located, "said railway company shall properly pave between its tracks, and for four feet from the center of each track, in the time and manner and with such suitable paving material as the city council of said city may order and direct, and shall keep and maintain such pavement on said portion of said streets in good condition and repair during the life of its franchise." The improvement ordinance here in question excepted from said improvement the right of way of said railway company on said street. The ordinance also pro-

vided that the city should pay a certain proportion of the cost of said improvement as public benefits, and that the balance should be paid by special taxation on the lots and blocks, tracts and parcels of land contiguous to said part of Twenty-seventh street, "except the right of way of the Tri-City Railway Company."

It is elementary that an ordinance is the basis of every valid special assessment and that the assessment must be levied in accordance with the provisions of such ordinance. The order of the court in appointing the special assessment commissioner directed that he should make the assessment "in the manner prescribed by the ordinance." Clearly, under the ordinance an assessment could not be levied on the right of way of the Tri-City Railway Company for said improvement, as the ordinance specifically provided that the right of way should be excepted. Counsel for appellee concedes that the ordinance so provides but contends that this question was not raised in the court below and therefore cannot be raised here. The nineteenth objection filed by appellant in the county court was, "that the property of this objector described in the assessment roll filed herein is not subject to assessment in this proceeding." Under this wording, clearly the objection here raised could properly have been urged in the court below. There is nothing in the bill of exceptions or the record that shows whether or not this objection was called to the attention of the trial court and there insisted upon, but the trial court overruled the legal objections of appellant, including the one here in question. On this record it must therefore necessarily be assumed that this objection was presented in the court below. It should have been sustained.

In another objection appellant specifically claimed that by virtue of the franchise ordinance requiring it to pave this right of way it was exempt from assessment for the improvement provided for in the ordinance. It has long been the settled rule of this court under similar provisions

of franchise ordinances, that the burden imposed upon a street railway to pave that portion of the street occupied by it is regarded as equivalent to an assessment for paving the street; that whether a railway company should pay for paving between its tracks, as is sometimes done, or less or more, rests in the discretion of the municipal authorities; that when the privilege to use a public street is granted by an ordinance and the ordinance is accepted and acted upon, such ordinance becomes a valid and binding contract between the municipality and the street railway company and cannot be revoked by either party. (*Billings* v. *City of Chicago,* 167 Ill. 337; *West Chicago Street Railroad Co.* v. *City of Chicago,* 178 id. 339; *Village of Madison* v. *Alton, Granite and St. Louis, Traction Co.* 235 id. 346; *City of Lincoln* v. *Harts,* 250 id. 273.) Following these authorities, clearly appellant, under the provisions of this franchise ordinance, cannot be assessed for paving any part of Twenty-seventh street outside of its excepted right of way. This is conceded. by counsel for appellee, but it is argued that a part of this improvement was the construction of a storm drain along Twenty-seventh street between the points improved, "for the purpose of draining the surface of the streets and avenues," and that there is nothing in the franchise ordinance preventing said street railway company from being assessed for said storm drain. Counsel for the city asserts that this drain was constructed as "a necessary part of the paving improvement." If that be true, then, manifestly, under the authorities already cited, appellant could not be assessed for said drain. This interpretation of the franchise ordinance is supported by the added provision in said franchise ordinance that the railway company "shall provide and maintain proper surface or· underground drainage." Conceding that this applies to the surface or underground drainage of· the right of way, only, of appellant on this street, as contended for by counsel for appellee, this would in nowise lessen the require-

ments of the franchise ordinance that appellant should not pay any portion of the cost of paving the rest of the street. As we understand the requirements of the ordinance as to this storm drain, it must be held a part of the paving improvement. The objection to the assessment on this ground should therefore have been sustained by the county court.

Whether, under the franchise ordinance, the appellant could be assessed for an independent underground improvement on this street, such as a sewer or water pipe, if it were benefited thereby, under the holdings of this court in *Cicero and Proviso Street Railway Co.* v. *City of Chicago,* 176 Ill. 501, *Bickerdike* v. *City of Chicago,* 185 id. 280, and *McChesney* v. *City of Chicago,* 213 id. 592, is a question not in this record and is not considered or decided.

The judgment of the county court will be reversed and the cause remanded, with directions to sustain the objections of appellant.

*Reversed and remanded, with directions.*