Bankers Life Company, Appellant, v. Chicago Park District and City of Chicago, Appellees.

Gen. No. 42,303.

Opinion filed March 22, 1943.

MARKMAN, DONOVAN & SULLIVAN, of Chicago, for appellant; HENRY O. NICKEL, of Chicago, of counsel.

JOHN O. REES, of Chicago, for certain appellee; PHILIP A. LOZOWICK and EDWIN J. BUCKLEY, both of Chicago, of counsel.

BARNET HODES, Corporation Counsel, for certain other appellee; J. HERZL SEGAL, Assistant Corporation Counsel, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

The Bankers Life Company, a corporation, filed its petition against defendants, the Chicago Park District and the City of Chicago, to compel the Park District and its officials to include in the appropriation and levy ordinances of the Park District for the year 1942, $17,200.44, being the amount of special assessment, principal and interest confirmed against the Park District's real estate located in Chase Park so that the money could be applied to the payment of special assessment bonds owned by plaintiff and issued in the special assessment proceeding. The City of Chicago having refused to file a petition for writ of mandamus, it was made a party defendant. Both defendants filed motions to dismiss, the motions were sustained, the petition dismissed and plaintiff appeals.

The substance of the allegations of the petition is that in 1928, defendant City of Chicago, brought a proceeding in the county court of Cook county to levy a special assessment for paving and improving North Ashland avenue. The assessment was confirmed and the property benefited assessed $347,234. The assessment was payable in 5 installments bearing interest at 5 per cent per annum. Part of the property assessed was known as Chase Park and the assessment confirmed against that property amounted to $10,234.70. Chase Park is one of the small parks of Chicago located on the northwest side and abuts North Ashland avenue on the east. Ashland avenue was under the exclusive control of the city. The improvement was made and the bonds issued, $39,000 of which belonged to plaintiff, the Bankers Life Company. Shortly after the judgment of confirmation was entered, the Board

of Local Improvements of the city sent a letter to the Lincoln Park Commissioners who then had charge of Chase Park asking whether the park commissioners desired the work to be done under the special assessment or whether they would enter into a contract themselves to have the work done abutting Ashland avenue. No reply to the letter was received.

Demand was made by plaintiff upon the city and upon the Park District officials to make the necessary appropriation so that the amount of assessment against Chase Park, $10,234.70, plus interest, totalling $17,200.44, be paid plaintiff. Nothing was done by defendants and the petition in the instant case for a writ of mandamus was filed.

A number of points are made by plaintiff as to why the judgment should be reversed and in reply counsel for the Park District contend (1) that plaintiff in no event could maintain its petition against the Park District but could only mandamus the city to compel it to take proper and necessary steps to collect the assessment; and (2) that ''The case is moot and the issuance of the writ would compel the performance of an act manifestly unavailing, fruitless and nugatory.''

Counsel for the defendant city contend that the action is barred by the five year statute of limitations. We think there is no merit in any of these points. Plaintiff made a demand on the city to file a petition for writ of mandamus and it refused to do so. In these circumstances, under § 23 of our Civil Practice Act [§ 23 (par. 147) ch. 110, Ill. Rev. Stat. 1941 (Jones Ill. Stats. Ann. 104.023)] it had the right to name the city as a party defendant. Nor is there any merit in the contention that the question was now moot. *City of Cairo v. Campbell,* 116 Ill. 305; *Board of Supervisors v. The People,* 226 Ill. 576. We are also of opinion that the action was not barred by the five year statute of limitations, as counsel for the city contend. *Roberts v. Village of Lyons,* 307 Ill. App. 36; *The People v. Taylorville San. Dist.,* 371 Ill. 280.

The principal contention, however, of the Park District is that the assessment against the property of Chase Park was void because the City of Chicago had no jurisdiction to levy the assessment against that property, and in support of this, counsel cite; *West Chicago Park Comrs. v. City of Chicago,* 152 Ill. 392; *Billings v. City of Chicago,* 167 Ill. 337 and *City of Chicago v. Ridge Park Dist.,* 317 Ill. 123. We think the contention must be sustained. In the instant case it appears and seems to be conceded that the City of Chicago had exclusive control of Ashland avenue and that the Park District acquired the property of Chase Park, as stated by counsel for plaintiff, ",under the provisions of an Act entitled: 'An Act to enable park commissioners to acquire, improve and maintain additional small parks or pleasure grounds.' '' (Par. 88 *et seq.,* ch. 105., Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 96.457 *et seq.*].) That ''The record in this case shows that Chase Park was purchased by the Commissioners of Lincoln Park'' pursuant to the statute above referred to.

In *West Chicago Park Comrs.* [152 Ill. 392] it was expressly held that park property is not exempt from special assessment for local improvements but the jurisdiction to make such assessments is in the Park Commissioners and not in the City of Chicago. In that case the City of Chicago brought a special assessment proceeding to defray the cost of ''the erection of nineteen boulevard lamps on California avenue'' and the lands embraced in Douglas Park were assessed $128.50. A judgment of confirmation was entered by the county court of Cook county and an appeal taken to the Supreme Court as a test case where the judgment was reversed. The court there went into the several questions fully and in the course of the opinion referred to the case of *Scammon v. City of Chicago,* 42 Ill. 192 and *County of McLean v. City of Bloomington,* 106 Ill. 209, which are two of the cases chiefly relied upon in the instant case by counsel for plaintiff.

The court said that in the *Scammon* case "the city caused an avenue adjacent to Dearborn Park, one of the parks then owned by it, to be improved, and it was held that, as the park, in common with other property in the vicinity, was benefited by the improvement, it was the duty of the city to cause it to be assessed for its just proportion of the expenditure thus incurred. Of course, it was not claimed or suggested that such assessment would create any specific lien upon the land embraced in the park, or that such land could in any event be sold therefor, the assessment being held to be only the mode of determining the proportion of the cost of the improvement which the public,—that is, the city, as the beneficial owner of the park,—should pay. The duty of thus assessing against the city the sum which was to be deemed the public benefit resulting from the enhanced value of the park, was placed upon the same ground upon which the expense of improving the street intersections was properly chargeable against the city as the owner of the abutting and intersecting streets. Also, in *County of McLean v. City of Bloomington*, 106 Ill. 209, it was held that the public square in Bloomington, belonging to the county of McLean, and on which the county court house was situated, was liable to assessment for a street improvement, such assessment being treated as the mode of ascertaining the portion of the cost of the public benefit resulting from the improvement which the county, as the owner of the public square, ought to pay. But in neither of these cases, nor in any other of similar import to which our attention is called, was there any question as to the territorial jurisdiction of the city in the matter of street improvements over the property assessed. . . .

"It follows, necessarily, that the assessment in question was made without authority, and that it is consequently void. The practical result of this conclusion will be, that the portion of the cost of street im-

provements in streets adjacent to or abutting upon the parks under the control ·of the park board which the public ought to pay, will have to be paid by the city of Chicago instead of the town of West Chicago.''

The *Billings* case [167 Ill. 337] was a proceeding in the county court of Cook county brought to confirm a special assessment to defray the cost of improving the roadway of West Lake street from May to Paulina street. One of the objections filed was that the property located in Union Park was not assessed nor was a proportionate share of the cost of the improvement assessed against the City of Chicago as public benefits. The court said: ''This property was one of the public parks in Chicago under the control of a board of park commissioners, and under the ruling of this court in *West Chicago Park Comrs. v. City of Chicago,* 152 Ill. 392, the city of Chicago had no power to levy a special assessment on the property.

''But it is said, if Union Park could not be assessed in this proceeding, the amount which should properly have been levied on Union Park should have been assessed against the city of Chicago as public benefit.'' The court said the commissioners in spreading the assessment fixed the amount of public benefits and that under the law as it then was, the finding of the commissioners was conclusive in so far as it fixed the relative amount of the cost of the improvement which was to be respectively borne by the municipality and the owners of the property benefited.

In the *Ridge Park District* case [317 Ill. 123] the court said: ''The city has not the power to specially assess for a street improvement the lots owned by the appellee for park purposes. (*West Chicago Park Comrs. v. City of Chicago,* 152 Ill. 392; *Billings v. City of Chicago,* 167 id. 337.)''

We think the three cases above referred to are controlling and that in the ·instant case the City of Chicago was without jurisdiction to assess the property

located in Chase Park, and the assessment attempted to be made is void. A void judgment can be attacked directly or collaterally. *Board of Education v. The People*, 219 Ill. 83; *The People v. Ford*, 289 Ill. 550; *The People v. Owens*, 231 Ill. 311.

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*