(No. 15701.—Judgment affirmed.)

THE CITY OF CHICAGO, Appellee, *vs.* FRANK P. SMITH *et al.* Appellants.

*Opinion filed December 19, 1923.*

1. SPECIAL ASSESSMENTS—*property not abutting on improvement may be excepted from assessment.* So far as practicable all property affected should bear the burden of local improvements equally; but this principle of uniformity and equality applies only to property benefited by the improvement and not to other property in the municipality, and where property is assessed for a sidewalk, the fact that other property abutting on the same street but not abutting upon the improvement is excepted is not a valid objection to the confirmation of the assessment.

2. SAME—*sidewalk already constructed may be excepted from improvement although narrower than the one provided for in the*

*improvement.* In the same improvement the city council may provide for streets or sidewalks of different widths, as in their judgment the public requirements demand, and each piece of property must bear the cost of the improvement in proportion to its benefits, and a sidewalk already constructed may be excepted from the improvement although it is not as wide as the one provided for in the improvement.

3. SAME—*in absence of proof it will be assumed that improvement is needed.* In the absence of proof to the contrary it will be assumed that the city authorities will not·initiate public improvements that are not needed.

APPEAL, from the County Court of Cook county; the Hon. S. N. HOOVER, Judge, presiding.

ROBERT E. PENDARVIS, for appellants.

FRANCIS X. BUSCH, Corporation Counsel, and PHILIP J. MCKENNA, (HARRY A. TIFFANY, of counsel,) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

· This appeal is from a judgment of confirmation overruling objections filed in a special assessment proceeding in the county court of Cook county.

The improvement ordinance provides for the construction of a sidewalk six feet in width on both sides of Wrightwood avenue from Normandy avenue to Harlem avenue, excepting three and one-half blocks on the north side of the avenue, where a sidewalk of the width of five feet and four inches had theretofore been constructed by the property owners. Appellants contend that the rule requiring uniformity in levying special assessments is violated and that there is discrimination against the property assessed in favor of the property excepted.

So far as practicable all property affected should bear the burden of local improvements equally, but this principle

of uniformity and equality applies only to the property benefited by the local improvement and not to other property in the municipality. (*City of Ottawa* v. *Colwell,* 260 Ill. 548.) There is no proof in the record that the property in the three and one-half blocks omitted will be benefited by the proposed improvement. While it is argued that if a sidewalk five feet and four inches wide is adequate for the needs of the community a walk of similar width is all that is necessary to be constructed in front of other property on Wrightwood avenue, we cannot arbitrarily declare this contention to be true without some evidence to support it. (*Topliff* v. *City of Chicago,* 196 Ill. 215.) In the same improvement the city council may provide for streets or sidewalks of different widths as in their judgment the public requirements demand, and each piece of property in the improvement must bear the cost of the improvement in proportion to the benefits to it. (*Haley* v. *City of Alton,* 152 Ill. 113.) In the absence of proof to the contrary it will be assumed that the city authorities will not initiate public improvements that are not needed. Sidewalks are frequently built on one side of a street and the abutting property is assessed in accordance with the benefits accruing to it. In such case it is certainly no objection to the improvement that a sidewalk was not built on the other side of the street and the abutting property assessed to pay for that improvement. There is no contention in the case at bar that the property abutting on the proposed improvement is not uniformly assessed in accordance with the benefit accruing to it, and the fact that other property abutting on the same avenue but not abutting upon the improvement is not included in the improvement is not a valid objection to the confirmation of the assessment.

The judgment of the county court is affirmed.

*Judgment affirmed.*